UNITED STATES of America ex rel.
Edward ALLEN, Relator,

v.

Robert E. MURPHY, Warden of State
Prison at Auburn, New York,
Respondent.

Civ. No. 7253.

United States District Court
N. D. New York.

Oct. 27, 1958.

Edward Allen, relator, pro se.

Louis J. Lefkowitz, Atty. Gen., John F. Dwyer, Dist. Atty. of Erie County, Buffalo, N. Y., Raymond B. Madden, Asst. Atty. Gen., of counsel, for respondent.

FOLEY, District Judge.

The petitioner filed directly with me on August 27, 1958, a voluminous handwritten petition for a writ of habeas corpus. Among the many contentions was the claim that a statement or confession used against him at his trial for murder, first degree, was involuntary and coerced from him by threats, physical violence, fraud and deception. On pages 3, 18 and 19 of his original petition he describes his alleged ordeal with many of the words and circumstances present in the opinions United States ex rel. Caminito v. Murphy, 2 Cir., 222 F.2d 698, certiorari denied 350 U.S. 896, 76 S.Ct. 155,

100 L.Ed. 788, and United States ex rel. Wade v. Jackson, 2 Cir., 256 F.2d 7, certiorari denied 357 U.S. 908, 78 S.Ct. 1152, 2 L.Ed.2d 1158. Because such claims are receiving intensive concentration and discussion in the federal courts, again as in Wade and Caminito, supra, I issued an order to show cause to the Attorney General of New York and the District Attorney of Erie County, New York, where the petitioner was convicted. Both have filed answering affidavits, and there has been furnished to me the Record on Appeal in the Court of Appeals, New York, and the written beliefs filed in the Appellate Division, Fourth Department, New York, by Louis Rivera, the co-defendant of the petitioner, and by the District Attorney.

The petitioner and Rivera were convicted of felony-murder by a jury in Erie County, Supreme Court, on November 19, 1948. The jury found their verdict of guilty with a recommendation of life imprisonment, and on November 24, 1948 each was sentenced for the term of his natural life. Appeals were taken by both to the Appellate Division, Fourth Department, from the judgments of conviction. As stated above, the attorney for Rivera filed a written brief in the Appellate Division, but the two attorneys for the petitioner who had been assigned by the Trial Court wrote a letter to the Presiding Judge stating that they would not file or submit any brief but only wanted to be heard upon oral argument. Such letter dated March 24, 1949, set forth four points to be argued for reversal, the first two points stating "there was unnecessary delay in the arraignment of the appellant" and "the confession was involuntary and obtained while the appellant was unnecessarily detained before arraignment." The Appellate Division affirmed unanimously without opinion. People of the State of New York v. Rivera and Allen, 275 App.Div. 988, 90 N.Y.S.2d 917. Rivera, the co-defendant, then obtained permission from Judge Desmond of the Court of Appeals, New York, to appeal to that Court, and such appeal resulted in unanimous affirmance without opinion. People of the State of New York v. Rivera, 1949, 300 N.Y. 594, 89 N.E.2d 881. Apparently, petitioner Allen sought no such permission and his case was never passed upon by the Court of Appeals, New York. However, in 1957, the petitioner, according to his petition, filed for a writ of habeas corpus in the Cayuga County Court, New York, and such was denied by order December 20, 1957. On March 1, 1958, the Appellate Division, Fourth Department, denied the motion to appeal from this denial on the original papers and expressly stated "the papers fail to show merit to the appeal." People ex rel. Allen v. Murphy, 5 A.D.2d 956, 172 N.Y.S.2d 563. The petition then states that leave to appeal to the Court of Appeals was denied March 19, 1958. Certiorari was denied by the Supreme Court. 357 U.S. 931, 78 S.Ct. 1376, 2 L.Ed.2d 1373.

This review disclosing the gap in the appeals from the original judgment of conviction in the State courts presents the problem at the outset as to whether or not there has been the necessary exhaustion of state remedies as required by 28 U.S.C.A. § 2254. First, it was my thought that United States ex rel. Kozicky v. Fay, 2 Cir., 248 F.2d 520, certiorari denied 356 U.S. 960, 78 S.Ct. 997, 2 L.Ed.2d 1067, with similar circumstances as to lack of appeal to the Court of Appeals from the original judgment of conviction might automatically disqualify the petition from federal acceptance. However, in United States ex rel. Cuomo v. Fay, 2 Cir., 257 F.2d 438, 441, Judge Hincks points out well that the Kozicky case held that the motion for reargument in the Appellate Division in that case did not raise the issues sought to be adjudicated in the federal habeas corpus proceedings. Also, he points out on the same page, that if the prisoner presents his claim on the merits by an improper procedure, exhaustion will be deemed to have occurred if a State court in fact passes on the merits of the federal claim. There is the strong admonition in Brown v. Allen, 344 U.S.

443, 487, 503, 73 S.Ct. 397, 97 L.Ed. 469, that a failure to use an available states' remedy, in the absence of some interference or incapacity, bars federal habeas corpus and that a showing that the time has passed for an appeal is not enough to empower the Federal District Court to issue the writ. But also, at page 486 of 344 U.S., at page 422 of 73 S.Ct., it is stated that the Supreme Court will review state habeas corpus proceedings, even though no appeal was taken, if the state treated habeas corpus as permissible. So here, because habeas corpus was entertained and denied by the lower State court in 1958, and the Appellate Division affirmed with the specific statement that the papers failed to show merit to the appeal, there seems to be enough present under current court rulings to overcome the state exhaustion barrier. See also Frisbie v. Collins, 342 U.S. 519, 521, 72 S.Ct. 509, 96 L.Ed. 541; United States ex rel. Alvarez v. Murphy, 2 Cir., 246 F.2d 871; United States ex rel. Marcial v. Fay, 2 Cir., 247 F.2d 662, certiorari denied 355 U.S. 915, 78 S.Ct. 342, 2 L.Ed.2d 274. I am mindful of the caution in United States ex rel. Roosa v. Martin, 2 Cir., 247 F.2d 659, 662, that the District Court should not reach out for the merits where there is a clear showing of failure to exhaust state remedies but, in my judgment, as I have outlined above, that is not the situation here.

■■ On the merits, it is clear that it is the duty of the federal courts to make an independent investigation on the undisputed facts to determine whether there is merit to the claim of involuntary or coerced confession. United States ex rel. Wade v. Jackson, supra, 256 F.2d at page 9; Malinski v. People of State of New York, 324 U.S. 401, 404, 65 S.Ct. 781, 89 L.Ed. 1029; Thomas v. State of Arizona, 356 U.S. 390, 78 S.Ct. 885, 2 L.Ed.2d 863, rehearing denied 357 U.S. 944, 78 S.Ct. 1379, 2 L.Ed.2d 1557. To perform that duty as I did in the Wade and Caminito cases, I have read through the entire record. I can find nothing of substance as undisputed facts in the record that might be added up to support the claims of the petitioner that he was questioned almost constantly for seven days; was denied food and water; was beaten and tortured, and during this period of time he was not allowed to consult with friends, relatives or counsel.

Petitioner Allen at the trial testified in his own behalf and did not relate any of these circumstances. (Record on Appeal, pages 330–361). He did testify on direct that only part of the statement was true (R. 336), and on cross that he did not read the statement before he signed it, (R. 356), and that Detective Klenk told him to sign several copies of the statement. (R. 360). The contention that he did not read the statement is answered by the testimony of the Acting Desk Lieutenant who typed out the questions and answers when made and given. (R. 310–311). Mr. Campana, one of the two attorneys assigned by the Court for Allen, stated he had "no questions" of this witness. The Detective Sergeant who asked the questions taken down by the Desk Lieutenant testified he made no promises or inducements to procure the statement, nor did he make any threats or use any force to obtain the statement. (R. 218–252). Another significant factor in the record that weighs heavily against the present contentions of the petitioner is the colloquy with the Court by the attorney for the petitioner on the right to offer preliminary evidence on the admission of the statement. (R. 258–259). Then, finally, no evidence at all was offered preliminarily on this issue of coerced or involuntary confession, and his attorney did not question another policeman called in relation to admission of the statement of Rivera, the co-defendant, (R. 268–69).

■■ It is true there is one serious, undisputed fact that gives concern. Petitioner Allen was first taken into custody July 17, 1948, and detained at the Buffalo Police Headquarters until July 19, 1948. (R. 214–238). On that day he was committed as a material witness by either the Supreme Court or County Court in default of $1,000 or $2,000 bail.

(R. 215–239). This type detention without arraignment in a reasonable time always creates suspicion, but without other support it is not sufficient in itself to vitiate the confession. United States ex rel. Wade, supra, 256 F.2d at page 15; Crooker v. State of California, 357 U.S. 433, at page 437, 78 S.Ct. 1287, at page 1290, 2 L.Ed.2d 1448. The confession of Allen (Exhibit 6, R. 312–317), —and it was most important because it involved him in a felony-murder instead of a street brawl or scuffle and a manslaughter charge,—was taken only after several hours of questioning on July 24, 1948. (R. 215–216, 312–317). In my judgment the undisputed facts are not sufficiently present to grant the writ of habeas corpus to the petitioner on this issue of coerced or involuntary confession. There is also some peace of mind, because Allen by his own testimony placed himself at the scene of the death, and two eye witnesses gave testimony in support of the felony-murder charge placed against Allen and his co-defendant. The other contentions of the petitioner, along the line that this crime of Murder, First Degree, was not charged in accordance with the Law of New York and in proper form, that he was not present when two witnesses testified, that the trial court coerced the jury into a verdict, that the witnesses and members of the Police Department were conversing with each other in the courtroom, seem to be for the Courts of New York, and in my judgment do not present substantial federal questions.

▮ I again have the problem concerning the Record on Appeal which I have used as the basis for my decision with reference to page numbers thereof. The District Attorney of Erie County wants it back as the only permanent record in his office file of the case. Therefore, I ask that the Assistant Attorney General have a photostat made of the same or make some arrangement to file a copy of the Record on Appeal with the Clerk of this Court to assist in review in the event appeal is taken. I grant to the petitioner a Certificate of Probable Cause to review my denial of his application for a writ of habeas corpus, if he be so advised. 28 U.S.C.A. § 2253. This is done because of the substance of the question concerning the exhaustion of available state remedies and more important because of the emphasis and close split decisions now prevalent in matters of this kind. Crooker v. State of California, 357 U.S. 433, 78 S.Ct. 1287, 2 L.Ed.2d 1448; Payne v. State of Arkansas, 356 U.S. 560, 78 S.Ct. 844, 2 L. Ed.2d 975; Thomas v. State of Arizona, supra; Ashdown v. State of Utah, 357 U.S. 426, 78 S.Ct. 1354, 2 L.Ed.2d 1443.

The petition is denied and dismissed. The papers and records shall be filed by the Clerk of the Court without the usual requirement for the prepayment of fees, and

It is so ordered.