■ Rocco MASTRELLA, Appellant, v. JULE H. MILES et al., Respondents.— Order unanimously affirmed, without costs of this appeal to either party. (Appeal from order of Monroe Special Term requiring plaintiff to submit to a second physical examination.) Present — Williams, P. J., Bastow, Goldman, Halpern and Henry, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. CARLOS STEVENSON, Appellant.— Order unanimously reversed and proceeding remitted to Monroe County Court for a hearing. Memorandum: An indictment was returned against petitioner on July 19, 1951, charging him with the crime of murder, first degree, committed on July 15, 1951. It appears that petitioner was apprehended on July 16, 1951 and thereafter gave a detailed statement to the police. The prosecutor concedes that on July 17, 1951 petitioner was arraigned upon an information charging murder, first degree. It appears from the transcript of the trial testimony that petitioner was then represented by an attorney. It further appears from the same source that on the following day, July 18, petitioner was " again questioned (by the police) with regard to some details ". No appeal was taken from the judgment of conviction. In the present *coram nobis* proceeding it is claimed that appellant was interrogated by the police on the latter date without the presence of his then counsel in violation of his constitutional rights. In our opinion a hearing should have been granted to permit petitioner to present evidence upon this subject (cf. *Spano* v. *New York*, 360 U. S. 315; *People* v. *Di Biasi*, 7 N Y 2d 544). (Appeal from order of Monroe County Court denying defendant's application to vacate judgment of conviction rendered December 27, 1951.) Present — Williams, P. J., Bastow, Goldman, McClusky and Henry, JJ.

■ In the Matter of BURTON GLASER, Respondent, v. MARTIN C. EPSTEIN et al., Constituting the State Liquor Authority, Appellants.— Order unanimously reversed and proceeding dismissed, without costs of this appeal to any party. Memorandum: Special Term was without authority to direct the issuance of a license to petitioner. (Cf. *Matter of Amigone* v. *State Liq. Auth.*, 12 A D 2d 993.) In accordance with the stipulation the order is reversed and the proceeding dismissed. We construe the remaining portion of the stipulation to mean that appellants' determination revoking petitioner's license should be confirmed. This may not be implemented because the merits of that determination are not presented by the record before us. (Appeal from order of Erie Special Term directing the Liquor Authority to issue a renewal of petitioner's expired liquor license and to reschedule a hearing of the charges.) Present — Bastow, J. P., Goldman, Halpern, McClusky and Henry, JJ.

■ DONALD J. GRUNDER, Appellant, v. PREMIER INDUSTRIAL CORPORATION, Respondent.— Motion for leave to appeal to the Court of Appeals denied, with $10 costs. Present — Williams, P. J., Bastow, Goldman, McClusky and Henry, JJ.

■ (A) In the Matter of EDWARD T. BECKWITH et al., as Trustee under the Will of MELVILLE CLARK, Deceased, Respondents, v. DOROTHY C. WOODWORTH, Appellant. DOROTHY C. WOODWORTH, Appellant, v. TIMOTHY D. CLARK et al., Individually and as Executors and Trustees under the Will of MELVILLE CLARK, Deceased, Respondents. (B) BERNARD HYMAN et al., Plaintiffs, v. MAHLON KINTZ et al., Defendants. (C) In the Matter of CAROLINE SCHLEGEL, Petitioner, v. LINCOLN ROCHESTER TRUST Co., Respondent.— [In each action] Appeal dismissed, without costs, upon stipulation.