Dye, J.
This is an appeal from judgments of the Kings County Court convicting the defendants of the-crime of murder in the first degree. The indictment charged the defendants, acting in concert, with the willful killing of one Ernest Barber by stabbing and stomping (Penal Law, § 1044).
Upon this appeal we are urged to set aside the convictions on the general grounds that the verdicts were against the weight of the evidence; that the confessions made by the defendants were involuntary and the product of police brutality, psychological coercion and insidious suggestion, and, as to the defendant Noble only, that the specification of insanity offered as a defense was not-overcome by the People’s proof.
Concededly, the People’s case would have been insufficient had the defendants’ admissions not been placed in evidence. These admissions were made both orally and in writing; and all such incriminatory statements were made known to the jury on the People’s direct case. Based on this evidence, the jury believed that James Noble entered the apartment of the deceased and murdered him in one of the bedrooms, and that his act was done by prearrangement with Ella Barber, the deceased’s “ common law wife ”, Both defendants repudiated the statements claimed to have been given by them at the police station on the day that the crime was committed, and asserted their innocence.
Both now contend that their confessions were involuntary, and that the contrary jury finding was against the weight of the evidence.
Ordinarily, the issues thus raised could be properly left to the jury on an adequate charge as an issue of fact. However that may he as a generality, we find, on examination of this record, that a serious question is presented as to the admissibility *574 into evidence of the written question-and-answer statement embodying Noble’s admissions, taken from him by an Assistant District Attorney shortly following his arrest. This is not because of the so-called third-degree treatment allegedly administered by the police, which was categorically denied and left to the jury as an issue of fact, but because the statement had been taken under circumstances we consider contrary to basic safeguards designed to assure a fair trial. Simply stated, the question is whether the use of the written statement, given by Noble, violated the fundamental fairness essential to the concept of justice when it appeared that, before having given it, he had asked to know if he was compelled to speak before consulting counsel, and was ignored.
At the beginning of the written statement, the following colloquy occurred:
“ Q. Last night or earlier this morning, at about 12:30, were you at the apartment of Ella and Ernest Barber, located at 1973 81st Street? A. No comment.
“ Q. What happened at 1973 81st Street, James? A. Am I compelled to answer these questions before I consult legal counsel?
“ Q. What happened? A. After I speak to legal counsel, I will speak to you.
“ Q. If I ask you any more questions, what would your answers be? A. After I speak to legal counsel, I will talk to you.
“ Q. James, do you want to make a statement? A. I do.
“ Q. Do you want to see your lawyer as you told me before? A. No, I tell you the truth, everything that happened.”
When a person under suspicion of crime is being questioned, there is a vast difference between a mere failure to warn and a •flat refusal to answer a proper inquiry as to his rights. We may not condone what happened here. It offends against our concept of fairness. The defendant was entitled to an answer. The Assistant District Attorney, as an officer of the court, was under an obligation to give reply—receiving none the defendant could reasonably have believed that he had no choice and was bound to answer. We regard the statement thus procured as an invasion of defendant’s privilege against self incrimination. It follows that its receipt into evidence was so prejudicial as to *575 require a reversal. We find it unnecessary to reach the remaining allegations of error.
In the interest of justice the judgment of conviction as to Ella Barber should also be reversed.
The judgments of conviction should be reversed and a new trial ordered as to each defendant.