**UNITED STATES ex rel. Charles GLIN-TON, Relator-Appellant,**

**v.**

**Wilfred L. DENNO, Warden of Sing Sing Prison, and The People of the State of New York, Respondents-Appellees.**

**No. 316, Docket 26767.**

United States Court of Appeals Second Circuit.

Argued March 21, 1961.

Decided June 2, 1961.

Nancy Carley, Jackson Heights, N. Y., for appellant.

Peter R. Rosenblatt, Asst. Dist. Atty., New York City (Frank S. Hogan, Dist. Atty., New York County, New York City, on the brief), for appellees.

Before MOORE, FRIENDLY and SMITH, Circuit Judges.

PER CURIAM.

Relator appeals from an order denying his application for a writ of *habeas corpus*. Convicted of first degree murder, he is presently confined in a New York

State prison. His application is based upon the claim that statements obtained from him during a period (November 13, 1957, to January 14, 1958) in which he was being detained as a material witness by State authorities were improperly admitted in evidence upon his trial and that he was thereby deprived of due process of law (Fourteenth Amendment, United States Constitution). Upon various briefs and papers, including a portion of the record in the State trial, the trial court without any further development of the facts denied the application. This court granted a certificate of probable cause.

A review of the many court decisions which may have some bearing on the legal aspects of the problem now presented illustrates the importance of a full and complete factual background before a conclusion is reached as to whether the State trial was tainted with that fundamental unfairness which would thus violate relator's constitutional rights.

Relator was being held as a material witness to the crime of murder. However, this fact alone is not sufficiently informative. What were the circumstances under which he was held as a material witness? Was this detention merely a ruse to try by deception or continued incarceration to obtain a confession or incriminating statements? Did relator have counsel or was he offered counsel at any stage? Was he advised of his constitutional rights and, if so, how and when? What was the status of the investigation? Was any testimony being submitted to a Grand Jury? The answers to these and many other questions are necessary before a determination fair to both parties can be made.

The order appealed from is reversed and the case remanded for a hearing as to all the facts and circumstances relating to relator's detention and the statements obtained during that period.