**UNITED STATES ex rel. Edward ALLEN, Relator,**

v.

**Robert E. MURPHY, Warden of Auburn State Prison, Respondent.**

United States Court of Appeals Second Circuit.

Submitted July 31, 1961.

Decided Oct. 20, 1961.

Edward Allen, pro se.

Louis J. Lefkowitz, Atty. Gen. (Gretchen W. Oberman, Asst. Atty. Gen.), for respondent.

Before MEDINA, WATERMAN and SMITH, Circuit Judges.

MEDINA, Circuit Judge.

Relator, Edward Allen, and a co-defendant were convicted of first degree murder in the Erie County Court of the State of New York in 1948 and, on the recommendation of the jury, they were sentenced to life imprisonment. Each defendant appealed to the Appellate Division of the Fourth Department and the judgments of conviction were affirmed, without opinion. People v. Rivera, 1949, 275 App.Div. 988, 90 N.Y.S.2d 917. Allen made no attempt to appeal to the New York Court of Appeals nor did he apply to the Supreme Court for certiorari. He did, however, make two separate and unsuccessful attacks upon the judgment of conviction prior to the one with which we are now concerned. In 1957 he applied for a writ of habeas corpus in the Cayuga County Court of the State of New York; and in 1958 he filed in the United States District Court for the Northern District of New York a petition for a writ of habeas corpus. The Cayuga County Court proceeding was based upon a claim of insufficiency of the indictment and relator attempted to appeal from the order denying his petition for the writ to the Appellate Division of the Fourth Department, but his motion for leave to appeal on the original papers was denied on the ground "the papers fail to show merit to the appeal," People ex rel. Allen v. Murphy, 1958, 5 A.D.2d 956, 172 N.Y.S.2d 563, and leave to appeal to the New York Court of Appeals was denied, as was also relator's application for certiorari. 1958, 357 U.S. 931, 78 S. Ct. 1376, 2 L.Ed.2d 1373. The application for habeas corpus in the federal court was based upon claims of violation of constitutional rights by the use of a coerced confession obtained during a period of unnecessary delay in arraignment. This application was denied by Judge Foley, United States ex rel. Allen v. Murphy, 1958, 166 F.Supp. 830. We refused to grant leave to appeal *in forma pauperis* and dismissed the appeal, as is surmised by relator, for failure to exhaust state remedies, although the rea-

son for this action by us is not explicitly stated.

The application for habeas corpus now before us is based upon an entirely new claim of violation of constitutional rights. Relator now alleges that his conviction and incarceration resulted from receiving into evidence at his trial a confession obtained in the absence of counsel at a time when he was entitled to counsel as a matter of right. He says he was arrested on July 17, 1948 and detained at Buffalo Police Headquarters until July 19, 1948, when he was arraigned as a material witness in default of $1000 or $2000 bail, that he confessed on July 24 and on July 26 was arraigned pending indictment. On October 1, 1948, he says he was arraigned for first degree murder, that two attorneys were assigned on October 6, 1948 and that he was denied the right to counsel and not advised of his right to counsel until he was arraigned on the capital indictment on October 1. He also alleges that his detention and arraignment as a material witness were in violation of New York law. His application for habeas corpus was denied without a hearing. 166 F.Supp. 830.

It is clear beyond peradventure of doubt that none of the New York State Courts decided the question of alleged violation of constitutional rights which is now propounded and submitted by relator, and it is to say the least very doubtful whether relator ever presented it to any of these courts.[1] Indeed, both as a matter of federal and state law, it seems that the subject of the right of a material witness, or an accused, or of a defendant just indicted, to counsel or to be advised of his right to counsel while in custody and the use of confessions obtained in violation of these rights is in a state of development. Compare Spano v. People of State of New York, 1959, 360 U.S. 315, 79 S.Ct. 1202, 3 L.Ed.2d 1265, with Cicenia v. La Gay, 1958 357 U.S. 504, 78 S.Ct. 1297, 2 L.Ed.2d 1523 and Crooker v. People of State of California, 1958, 357 U.S. 433, 78 S.Ct. 1287, 2 L.Ed.2d 1448. See United States ex rel. Reid v. Richmond, 2 Cir., 1961, 295 F.2d 83; United States ex rel. Glinton v. Denno, 2 Cir., 1961, 291 F.2d 541; People v. Noble, 1961, 9 N.Y.2d 571, 216 N.Y.S.2d 79, 175 N.E.2d 451; People v. Waterman, 1961, 9 N.Y.2d 561, 216 N.Y.S.2d 70, 175 N.E.2d 445; People v. Di Biasi, 1960, 7 N.Y.2d 544, 200 N.Y.S.2d 21, 166 N.E.2d 825.

Perhaps the State of New York provides no post-conviction remedy in the circumstances of this case as now alleged by relator. But we do not think we should assume this to be true, especially in the light of the recent Fourth Department ruling in People v. Stevenson, 1961, 13 A.D.2d 717, 213 N.Y.S.2d 930, and the comments of the concurring opinions in the New York Court of Appeals in People v. Sullivan, 1957, 3 N.Y.2d 196, 199, 165 N.Y.S.2d 6, 10, 144 N.E.2d 6, 9, People v. Silverman, 1957, 3 N.Y.2d 200, 203, 165 N.Y.S.2d 11, 13, 144 N.E.2d 10, 12, and People v. Shapiro, 1957, 3 N.Y.2d 203, 206, 165 N.Y.S.2d 14, 16, 144 N.E. 2d 12, 13.

Accordingly, we do not reach the merits of relator's claim that he was at least entitled to a hearing at which the truth or falsity of his allegations of fact might be established, with a proper exploration

---

1. At the trial during the course of a long objection to the admission of the confession relator's counsel stated, *inter alia*, that relator's "constitutional rights were violated in that at the time the statement was taken he was not advised of his rights nor did he have in any manner any aid for his benefit at the time * * *." Record on Appeal in People v. Rivera, 4th Dep't, 1949, 275 App.Div. 988, 90 N.Y.S.2d 917, p. 218. Even if it assumed that this statement was meant to refer to absence of counsel, when read in context with the remainder of the objection it appears that counsel was not arguing that the confession should be excluded merely because it was made in the absence of counsel at a time when relator was entitled to the assistance of counsel. Rather, it seems that counsel was pointing to the absence of counsel as only one element in support of a claim that the confession was coerced. In any event, relator did not appeal to the Court of Appeals, and it is clear that he did not submit to the Appellate Division the question he now seeks to have adjudicated.

of the attendant circumstances, and we deny the application for leave to appeal *in forma pauperis* and for assignment of counsel solely because relator has not shown that the requirements of 28 U.S.C. § 2254 have been satisfied.

Application denied.