■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. FLOYD BODIE, Appellant.— AULISI, J. Appeal from a judgment of the County Court of Sullivan County convicting defendant of the crime of selling narcotics in violation of subdivision 1 of section 1751 of the Penal Law. The court's refusal to charge section 1751-a of the Penal Law was error requiring reversal. Section 445 of the Code of Criminal Procedure provides that "the defendant may be found guilty of any crime, the commission of which is necessarily included in that with which he is charged in the indictment." The defendant having been indicted for selling narcotics the jury could have found him not guilty of that charge and guilty of possession of narcotics. Appellant contends that the statement given by him after he was taken into custody was improperly received. We are of the opinion that under present law a statement taken by a police officer between arrest and arraignment is not inadmissible under all circumstances, as a matter of law. The authorities relied upon by the appellant do not mandate another conclusion. In *People v. Di Biasi* (7 N Y 2d 544) and *People v. Waterman* (9 N Y 2d 561), the statements were made without the aid of counsel after indictment and in *People v. Meyer* (11 N Y 2d 162), after preliminary arraignment and prior to indictment. Similarly statements have been held inadmissible when made after arrest and before arraignment in *People v. Noble* (9 N Y 2d 571) and *People v. Donovan* (13 N Y 2d 148), where the defendants were either denied counsel or misled over their right to have counsel. This is not the situation here and there is no such contention; but the record is not completely clear and, of course, the defendant is not foreclosed from a re-examination of the question upon the retrial which we have found necessary on another ground. Upon the retrial, also, the rule of *Jackson v. Denno* (378 U. S. 368) will, of course, be applied. Judgment reversed, on the law and the facts, and a new trial ordered. Gibson, P. J., Herlihy, Taylor and Hamm, JJ., concur.