**UNITED STATES of America ex rel. Edward ALLEN, Appellant,**

v.

**Hon. J. Edwin LaVALLEE, Warden, Auburn State Prison, Appellee.**

**No. 555, Docket 31779.**

United States Court of Appeals
Second Circuit.

Argued April 25, 1969.

Decided May 29, 1969.

Paul Ivan Birzon, Buffalo, N. Y., for appellant.

Michael Colodner, Deputy Asst. Atty. Gen., State of New York (Louis J. Lefkowitz, Atty. Gen., and Samuel A. Hirshowitz, First Asst. Atty. Gen., State of New York, on the brief), for appellee.

Before LUMBARD, Chief Judge, ANDERSON, Circuit Judge, and WYATT, District Judge.*

ANDERSON, Circuit Judge:

The appellant and a co-defendant Louis Rivera were convicted of murder in the first degree on November 19, 1948 by a jury in the New York Supreme Court,

---

32. *See* Myers v. United States, 356 F.2d 469 (5th Cir. 1966) (per curiam); Lloyd v. United States, 226 F.2d 9, 16 (5th Cir. 1955).

* Of the Southern District of New York, sitting by designation.

and both men were sentenced to life imprisonment. Appellant's principal argument raises the issue of whether a written confession introduced in evidence at his trial violated his constitutional rights.

We need not restate the pre-Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964) history of this case, which is set out in this court's opinion in United States ex rel. Allen v. Murphy, 295 F.2d 385 (2 Cir. 1961). There we denied relief for failure to exhaust state remedies. Following Jackson v. Denno and People v. Huntley, 15 N.Y.2d 72, 255 N.Y.S.2d 838, 204 N.E.2d 179 (1965), appellant petitioned for a writ of error coram nobis in the Supreme Court, Erie County, claiming that his confession was involuntary. A hearing was held before Justice Fisher and relief was denied in a memorandum dated July 28, 1965 (unreported). This denial was affirmed without opinion by the Appellate Division, People v. Allen, 25 A.D.2d 955, 271 N.Y.S.2d 576 (4 Dept. 1966), and leave to appeal to the Court of Appeals was denied on July 14, 1966. The present application followed.

The nub of the appellant's contention on appeal is that his written confession resulted from an unreasonable detention, and that any statement so obtained should have been excluded. In effect, he argues that his detention as a material witness was a sham and was designed solely to obtain a confession from him.

Viewing the evidence most favorably to the State, we shall briefly summarize the factual setting.

About 3:00 a. m. on July 8, 1948, one Walter Willet, an elderly white man died as a result of one or more blows inflicted upon him by certain persons at the corner of Clinton Street and Michigan Avenue in the City of Buffalo. William Bird testified that he observed two Negroes and a white man on the street below from a third floor window. He observed one of the Negroes, whom he identified as Louis Rivera, strike the white man, who then fell to the ground. He saw both men lean over the body and then run down the street. At the trial, the two Negroes were identified by Bird as the appellant and his co-defendant Louis Rivera.

Another eyewitness, Henry Nowak, testified that he saw two Negroes striking a white man, but he added that he was not sure it was the two defendants.

The testimony of these two witnesses, in addition to the confessions of Allen and Rivera, formed the principal basis for the conviction.

Between 1:00 a. m. and 2:00 a. m. on July 17, 1948, the appellant was arrested on information received from Bird, who accompanied the arresting officer Sammon and pointed out Allen as the man who had been with Rivera nine days earlier at the time of the homicide. Allen was held at the jail at police headquarters for two days, and on July 19, 1948 he was "brought over to the District Attorney's Office and committed as a material witness in the death of Walter Willet." He was received at the Erie County Jail on July 19 with a notation in the jail's records that he was being "committed as a material witness and held for the Grand Jury by Justice Wechter." The appellant was therefore held in jail from July 17 to July 24, when he made the confession.

On July 17, 1948, the morning appellant was arrested and booked as a material witness, he was interrogated at police headquarters by at least two officers. He was interrogated again on July 19, 1948, and although Sergeant Klenk testified that he did not believe that either he or any of the men working with him talked to appellant in the period from July 19 to July 24, appellant was taken by police officers on a trip in an automobile during which time he was questioned and asked to identify the location of Rivera's residence, which he did.

At around midnight of July 23, 1948, Rivera surrendered himself at a local police precinct and was taken directly to

police headquarters where he made a statement and was booked for first degree manslaughter. At about 1:45 p. m. on July 24, after Rivera had signed a full statement involving himself in the killing of Willet, appellant was taken from the county jail to the detective bureau at police headquarters for further interrogation. At first appellant, as he had throughout his detention, denied knowing anything about the crime. Rivera was then brought in, and he said that appellant was with him at the scene of the crime. Appellant then signed a two-page confession at around 3:00 p. m. on July 24, 1948, following seven days of detention. On July 26, 1948, nine days after being taken into custody, Allen was arraigned before a magistrate and charged with murder in the first degree.

At the trial counsel for appellant objected to the introduction of appellant's statement on the grounds that appellant was not advised of his rights, that he was without counsel throughout the detention, that the statement was coerced by threats of bodily harm and by the use of subtle psychology, and that the statement was procured after a detention of unreasonable length of time. Although appellant claimed at his Huntley Hearing that he was physically abused during the pre-confession detention and that he had requested and been denied counsel, these claims were not made at the trial; the police officers denied these latter allegations in testimony at the Huntley Hearing. Noting that the appellant had made no allegations of police brutality previously, Justice Fisher, in his opinion following the Huntley Hearing held:

"On the evidence submitted it is clear that the signing of the confession or statement by the defendant was not brought about or induced by fear or threats and that it was a voluntary act on his part."

The district court agreed with the state court findings that appellant's claims that he was refused counsel and beaten were contradicted by the record, and that appellant's commitment as a material witness did not show any essential irregularity; it was therefore satisfied that the factual determination in the Huntley Hearing was correct. There appears to have been no violation of petitioner's federal constitutional rights and we affirm.

The appellant asserts that he was illegally detained as a material witness, because there was no criminal action or proceeding then pending, as required by § 618–b of the New York Code of Criminal Procedure.[1] In United States ex rel. Glinton v. Denno, 339 F.2d 872, 875–876 (2 Cir. 1964), cert denied 381 U.S. 929, 85 S.Ct. 1570, 14 L.Ed.2d 688 (1965), this court held that the New York Court of Appeals decision in People v. Perez, 300 N.Y. 208, 90 N.E.2d 40 (1949), cert. den. 338 U.S. 952, 70 S.Ct. 483, 94 L.Ed 588 (1950) was dispositive of a similar claim; in *Glinton* a suspect, committed in lieu of bail as a material witness on November 13, was not booked for homicide until January 14, and statements which he made while in custody were used against him. Indeed, the case at bar seems less difficult than *Glinton*, because Allen was in fact "a material witness" and an eyewitness indicated that Allen did not strike the victim. Allen was obviously important as a witness for the purposes of identifying the actual killer and establishing the facts of his

1. Section 618–b provides, in pertinent part: "Whenever a judge * * * is satisfied, by proof on oath, that a person * * * is a necessary and material witness for the people in a criminal action or proceeding pending in any of the courts of this state, he may, after an opportunity has been given to such person to appear before such judge and be heard in opposition thereto, order such person to enter into a written undertaking, with such sureties and in such sum as he may deem proper, to the effect that he will appear and testify at the court in which such action or proceeding may be heard or tried, and upon his neglect or refusal to comply with the order for that purpose, the judge must commit him to such place, other than a state prison, as he may deem proper, until he comply or be legally discharged."

**244**

companion's actions. Moreover, appellant had no permanent address and no roots in Buffalo.

Of course, the expansion of Fourth and Fifth Amendment rights, together with stricter scrutiny of the § 618–b procedure by the New York courts,[2] may indicate that *Perez* would be decided differently today, but, even so, New York's procedure should not be held retroactively unconstitutional. United States ex rel. Weinstein v. Fay, 333 F.2d 815 (2 Cir. 1964), on which appellant relies, is not in point, because the suspect in *Weinstein* was arrested on a patently sham [3] vagrancy charge, whereas in the case at bar there was eyewitness identification placing the appellant at the scene of the crime.

The appellant's claim that his confession was involuntary under the "totality of circumstances" test is without merit. There was none of the low intelligence-physical deprivation pattern which fits the test in Lynumn v. Illinois, 372 U.S. 528, 534, 83 S.Ct. 917, 920, 9 L.Ed.2d 922 (1963): " * * * whether the defendant's will was overborne * * *."[4]

While the petitioner had been detained for eight days before he confessed, there was every reason for his continued detention as a material witness until Rivera had been found. There is no showing that the questioning of appellant during this period was intensive, or that he was physically abused. There is every indication that his confession was voluntary.

Finally, although the court below was apparently confused about the New York standard of proof in determining whether or not a confession is voluntary,[5] appellant was in no way prejudiced. The statute, Title 28 U.S.C. § 2254(d), assuming that none of its eight conditions have been met, places the burden on the petitioner to establish by convincing evidence that the factual determination in the Huntley Hearing was erroneous. The appellant has failed to carry this burden.

The judgment of the district court is affirmed.

---

2. E. g., People ex rel. Van Der Beek v. McCloskey, 18 A.D.2d 205, 238 N.Y.S.2d 676 (1 Dept. 1963).

3. Weinstein, when arrested, had thirty dollars in his pocket and was walking, not loitering, in front of his own house.

4. Cf. Clewis v. Texas, 386 U.S. 707, 87 S.Ct. 1338, 18 L.Ed.2d 423 (1967); Greenwald v. Wisconsin, 390 U.S. 519, 88 S.Ct. 1152, 20 L.Ed.2d 77 (1968).

5. The court below stated:
   "The State of New York, in People v. Huntley, supra, [15 N.Y.2d] at pages 77 and 78, [255 N.Y.S.2d 838, 204 N.E.2d

179] appears to hold that while voluntariness must be found by the trial judge beyond a reasonable doubt before a confession may be submitted to a trial jury, something less than that burden is to be imposed in the matter of a post-conviction collateral attack upon a pre-Jackson v. Denno conviction."
But People v. Leonti, 18 N.Y.2d 384, 389, 275 N.Y.S.2d 825, 222 N.E.2d 591 (1966), indicates that the law of New York is that in both pre-Jackson v. Denno and post-Jackson v. Denno cases, the standard to be used to determine the voluntariness of a confession is voluntariness beyond a reasonable doubt.