**UNITED STATES of America ex rel. Nathaniel HALL, Petitioner,**

v.

**Hon. J. Leland CASSCLES, Warden, Respondent.**

**No. 70 Civ. 4601.**

United States District Court, S. D. New York.

Jan. 5, 1971.

Nathaniel Hall, pro se.

Louis J. Lefkowitz, Atty. Gen. State of N. Y., for respondent, by Arlene R.

Silverman, Asst. Atty. Gen., New York City.

MANSFIELD, District Judge.

Petitioner, an inmate at Sing Sing Prison by virtue of a judgment of conviction and sentence imposed after trial by jury in New York County, applies for release on habeas corpus. Petitioner grounds his claim on three different legal theories: (1) the trial court erred in not submitting to the jury the lesser included crimes in the indictment; (2) the trial court and the Appellate Division erred in barring coram nobis as a remedy because the alleged error appears on the face of the record; (3) the state did not prove its case beyond a reasonable doubt. We hold that petitioner has failed to establish any deprivation of federal rights and that his habeas petition must be denied. Our reasons and the facts of this case are stated below.

Petitioner was convicted on April 14, 1965, after trial by jury in the Supreme Court of New York County, on two counts of feloniously selling a narcotic drug[1] and was sentenced on May 13, 1965 to a term of $7\frac{1}{2}$ to 15 years on each count, the sentences to run concurrently. The judgment of conviction was appealed to the Appellate Division, with petitioner represented by counsel. Petitioner tells us that the application for writ of error coram nobis was unanimously denied and the conviction unanimously affirmed without opinion, on May 12, 1970. On June 25, 1970, the state Court of Appeals denied him permission to appeal because no question of law worthy of review was presented.

Petitioner also states that except for these unsuccessful court appeals the issues submitted in his habeas petition have been before no other court.

■■■ According to petitioner the first three counts of his state indictment charged that he feloniously sold, feloniously possessed with intent to sell, and unlawfully possessed narcotics, on January 23, 1965. The second set of three counts charged petitioner with the same offenses on January 26, 1965. At the trial, after both sides had rested, petitioner's attorney moved to dismiss the four lesser included crimes in the indictment: the two counts of felonious possession of a narcotic drug with intent to sell and the two counts of possession of a narcotic drug. The court stated that it was not passing on the merits of the state's case but it granted the motion as a procedural device. Now the petitioner claims that it was error of constitutional proportions for the trial court to submit to the jury only the charge of felonious selling of narcotic drugs. Since defense counsel himself specifically moved the court to dismiss the lesser included offenses, petitioner cannot now object that the court granted the motion. Petitioner tries to avoid this troublesome fact by claiming that his counsel acted "for reasons not known to petitioner"; but petitioner does not claim that his counsel was incompetent; he does not suggest that it was unreasonable for a competent counsel to choose to have certain counts dismissed by the trial judge; and he does not even assert that he objected to defense counsel's motion, which was well within the strategic choices of competent counsel.

Even if petitioner has a right to object at this late stage to the failure of the jury to consider the lesser included crimes,[2] that right is not now reviewable by federal habeas corpus. Petitioner

1. New York Penal Law, McKinney's Consol.Laws, c. 40, § 1751.

2. The cases cited by petitioner only seem to say that it is error for the court *to refuse* to submit lesser included offenses to the jury. E. g., People v. Bodie, 22 A.D.2d 978, 254 N.Y.S.2d 756, 757 (1964).

No case requires the defendant to have lesser included offenses submitted to the jury. It would appear under state law that it was perfectly proper for defense counsel to waive the right to have these lesser included offenses submitted to the jury.

only raises an issue of state substantive and procedural law, not a question of federal constitutional law. E. g., United States ex rel. Smith v. Reincke, 239 F.Supp. 887, 893–894 (D.C.Conn.1965) (and cases cited therein), affd., 354 F. 2d 418 (2d Cir. 1965), cert. denied, 384 U.S. 993, 86 S.Ct. 1896, 16 L.Ed.2d 1010 (1966); Grundler v. North Carolina, 283 F.2d 798, 802 (4th Cir.), cert. denied, 362 U.S. 917, 80 S.Ct. 670, 4 L.Ed. 2d 738 (1960); United States ex rel. Birch v. Fay, 190 F.Supp. 105, 107 (S. D.N.Y.1961).

██ Petitioner next argues that coram nobis should not have been barred as a remedy in the state courts merely because the alleged error appears on the face of the record. Petitioner offers no evidence that coram nobis was barred for this reason; the state courts may well have denied him relief on the merits since counsel knowingly moved to dismiss the lesser included offenses and the trial court merely granted his motion. Since no opinion was written, we do not know the reason for the state court's actions. But even if the requested relief was denied because of the procedural requirements of coram nobis, we cannot on that account grant relief to petitioner. The procedural requirements are state requirements, and as we stated above, these procedures do not raise federal constitutional issues.

 Finally petitioner states that the state has not proven its case beyond a reasonable doubt. The general rule [3] is that questions involving the sufficiency of the evidence are matters of state law. Petitioner easily falls within this general rule.

The petition for release on habeas corpus is denied.

It is so ordered.

---

3. The insufficiency of the evidence amounts to a denial of due process only when the state court conviction is entirely devoid of evidentiary support. Thompson v. City of Louisville, 362 U.S. 199, 80 S.Ct. 624, 4 L.Ed.2d 654 (1960). Petitioner here cannot fall within the *Thompson* rule. Petitioner himself points out that the state had an eye witness to the illegal sale of narcotics. Petitioner's motion at page 7.