THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* GEORGE BIRCH, Appellant.

First Department, June 3, 1958.

*Robert Pitofsky* of counsel (*Florence M. Kelley,* attorney), for appellant.

*Irving Anolik* of counsel (*Walter E. Dillon* with him on the brief; *Daniel V. Sullivan, District Attorney,* attorney), for respondent.

*Per Curiam.* Defendant was indicted, tried and found guilty on the charge of possessing narcotics. Although we think there is sufficient evidence to sustain the verdict of the jury, we believe that the defendant was deprived of a fair trial and that therefore the judgment of conviction must be reversed and a new trial ordered.

During the course of the trial the question arose as to whether the defendant was a user of narcotics. The emphasis placed upon that issue so completely overshadowed the ultimate issue of possession as to make it the paramount issue tried. The record indicates that the jury could very well have based its finding of guilt, not on the question of possession, but rather on the collateral issue of whether the defendant was a user.

In attempting to prove the use of narcotics by the defendant — the issue that became of transcendent importance — the District Attorney sought to establish that at the time of the defendant's arrest he had marks on his arm indicating that he was a user. This the defendant denied. The court refused the offer of the defendant to exhibit his arm in an attempt to prove that it was free from such marks. The District Attorney asserted that such marks would have disappeared after a period of time while the attorney for the defendant was equally emphatic in his position that marks of that type were permanent. The remarks of both counsel in this respect were improper since there was

no basis in the evidence for either contention. While the jury was instructed to disregard the statement of defense counsel, no such instruction was given with regard to the District Attorney's remarks, which were permitted to stand. The jury, therefore, could have been left with the impression that the District Attorney's statement was correct and that there were drug marks on the defendant's arm at the time of his arrest which had disappeared before trial. In fairness to the defendant, the statement of the District Attorney should not have been permitted to stand after striking the statement of the attorney for defendant. Moreover, on the same issue the District Attorney, on summation, was permitted, over objection, to refer to the testimony of a police officer as to the presence of drug marks, despite the fact that this testimony had been stricken out at the trial. This improper summation was clearly prejudicial and may have influenced the jury in reaching its verdict.

Having in mind the undue stress placed upon the question of the possible use of narcotics by the defendant and the apparent importance given to it, we believe that the unfair manner in which it was presented warrants the overturn of the judgment, quite apart from the fact that the issue of possession of narcotics, which was the basis of the indictment, was almost completely submerged.

The judgment should be reversed on the law only and a new trial ordered.

BOTEIN, P. J., BREITEL, RABIN, STEVENS and BERGAN, JJ., concur.

Judgment unanimously reversed upon the law only and a new trial ordered.