Morris E. Spector, J.
This is a motion for an order striking out as sham, pursuant to rule 104 of the Rules of Civil Practice, the first, second and third affirmative defenses, and also for an order, pursuant to rule 113 of the Rules of Civil Practice, striking out the answer of the defendants and granting summary judgment.
*111 This is an action which seeks a permanent injunction against defendants and also for a declaratory judgment declaring the rights of plaintiff and an accounting for the proceeds of the exhibition of a certain cartoon.
The origin of plaintiff’s rights is in the contract dated as of May 24, 1941 between Paramount Pictures, Inc., and Fleischer Studios, Inc., a Florida corporation, which has since been dissolved. Plaintiff claims that by paragraph 27 (f) of the contract of May 24,1941 it is declared that the agreement is personal in nature and neither party was afforded the right to assign it or grant any rights thereunder, in whole or in part, without the written consent of the other and that only a transfer for a limited purpose of operation of the contract was permitted through a wholly owned subsidiary, and that the sale and transfer of the cartoon by means of the sale of the corporate shares of the wholly owned subsidiary to one of the defendants cannot be used as a device to render such alleged prohibited assignment valid and cannot defeat the rights of plaintiff to enjoin defendants from the exploitation of the cartoon. Plaintiff also claims that the sale or the right to sell provided for in paragraph 17 (g) referred to prints and not to the negative of the cartoon, and that paragraph 17 (h) merely authorized Paramount to cease active distribution of the cartoon upon the expiration of two years after the date of the first general release and may from time to time thereafter resume such distribution in the discretion of Paramount or such distributor, and claims that defendants are not distributors of Paramount. Plaintiff finally asserts that such attempted sale was an abandonment by Paramount of its interest in the venture between it and Fleischer Studios, Inc., entitling plaintiff as receiver of the dissolved corporation to recapture the negative and to restrain the further exploitation thereof by the defendants N. T. A. Pictures, Inc., National Telefilm Associates, Inc., and N. T. A. Fihn Network, Inc.
The defendants, on the other hand, claim that nothing in the May, 1941 agreement requires the consent of Fleischer Studios, Inc., or Max and Dave Fleischer to the sale of the cartoon in question to defendants, claiming that Paramount Pictures, Inc., under pargraph 17 (g) merely had the personal obligation to distribute for two years from the release date and that paragraph 27 (h) must be applied solely to such two-year period, but after such time it could, by reason of the provisions of paragraphs 14 and 17 (g) and (h), sell the cartoon without the consent of Fleischer Studios, Iric., or to a corporate distributor other than an affiliate or subsidiary of Paramount. *112 Defendants claim that any other construction would require Paramount, which is not in the television distribution business, to either go into the television business itself or else- keep the cartoon in its vault where it can earn no revenues.
Defendants maintain that the moving affidavits in support of the motion for summary judgment are deficient as they fail to meet the requirements of rule 113 of the Rules of Civil Practice, in that neither the affidavit of Dave Fleischer nor that of Max Fleischer sets forth the belief of the affiant that there is no defense to the action. While this may be thought to be a somewhat technical objection to the granting of the motion, nevertheless such an allegation has been held to be a requisite to be strictly complied with in order to entitle plaintiff to summary relief (Freund v. McCullagh, 268 App. Div. 875 [1944] ; Universal v. Uggla, 248 App. Div. 848 [1936]; First Trust v. Holt, 236 App. Div. 714 [1932]). Moreover, an affidavit of an attorney in support of such a motion is insufficient in the absence of an allegation that he had personal knowledge of the facts averred (Freund v. McCullagh, 268 App. Div. 875, supra; Central New York Freightways v. Birns Radio Co., 84 N. Y. S. 2d 747).
Plaintiff also seeks to strike out the three defenses pursuant to rule 104 of the Rules of Civil Practice. The first affirmative defense is based upon laches, the second is that plaintiff Dave Fleischer has no standing to sue in his individual capacity and does not have any legal capacity to sue or the right to maintain the action as receiver or trustee in dissolution of Fleischer Studios, Inc., and third that plaintiff is seeking an advisory opinion in the guise of a request for a declaratory judgment with respect to the rights of Fleischer Studios, Inc., to participate in proceeds derived from the distribution and commercial exploitation of the cartoon, a question as to which there is presently no controversy and which is wholly academic at this time and during- the foreseeable future, in view of the substantial sums which must be recouped by Paramount Pictures Corp. prior to the payment of any moneys to Fleischer Studios, Inc.
A sham pleading is one good in form but false in fact and the burden of establishing that these defenses were sham is upon the plaintiff (1 Carmody-Wait, New York Practice, p. 89). A motion to strike out an entire pleading as sham must demonstrate conclusively that not any part of the answer could possibly be good or present a triable issue and that it is so patently false in fact that the court would not permit a trial (Levine v. Schneider, 6 A D 2d 980). • In light of the above rules, it seems that the three separate defenses under attack do not appear to *113 be sham. These defenses are not presumptively false and plaintiff has not sufficiently shown that they were in fact false to warrant the relief requested.
In the first defense of laches, defendants claim that plaintiff Dave Fleischer has been a resident of Los Angeles for over ten years and that, by reason of the publication in one of the trade papers published in Hollywood in 1956, which is read by almost everyone in the moving picture industry on the West Coast, the plaintiff knew of such sale and delayed bringing this action for such a period as to operate as an estoppel against the assertion of his rights.
As to the first part of the second defense, namely, that Dave Fleischer has no standing to sue in his individual capacity, defendants claim that he was not a party to the agreement and cannot assert any claim on behalf of himself individually under the agreement, maintaining that the Fleischers chose to produce cartoons under the protection of a corporate organization and that Paramount acceded to dealing with them on that basis and that the relationship between Fleischer Studios, Inc., and the Fleischers was that of employer-employee and that they cannot now claim that they as individuals were party to the agreement between their corporation and Paramount. Moreover, defendants claim that there is no claim made herein by plaintiff that he is a third-party beneficiary of the contract between Paramount and Fleischer Studios, Inc., or that the contract was intended for his direct benefit. Defendants finally contend that if Dave qnd Max Fleischer were parties to the agreement between Paramount and Fleischer Studios, Inc., there would be no necessity for the wholly separate contract also dated May 24, 1941 between Paramount and Max and Dave Fleischer.
As to the balance of the second defense, namely, that plaintiff did not have any legal capacity to sue or the right to maintain the action as receiver or trustee in the dissolution of Fleischer Studios, Inc., because such an action has been wholly barred by the provisions of the Florida statute, in this connection defendants maintain that Fleischer Studios, Inc., was a Florida corporation and was dissolved in 1946, and that this action was commenced by plaintiff on behalf of Fleischer Studios, Inc., over 13 years after the dissolution of that corporation.
Defendants claim that a statute extending the life of a dissolved corporation must be strictly construed and maintain that the ex parte appointment in December, 1957 of Dave Fleischer as receiver of Fleischer Studios, Inc., pursuant to a recent enactment of the pertinent Florida statutes, does not give such plaintiff greater rights and powers and a longer period of time *114 within which to commence suit than three years after the dissolution. Defendants maintain that the recent decisions of the United States District Court for the Southern District of New York support this view (Walder v. Paramount Publix Corp., 132 F. Supp. 912; Fleischer v. A. A. P. Inc. [Palmieri, J.], filed July 15, 1959). Defendants further maintain that plaintiff’s capacity to sue as a receiver is linked with the question of whether the causes of action now under consideration have been abated in 1949 and that the determination of the latter affects the former.
In connection with the third defense that no present justiciable controversy exists as no proceeds are presently owing or will be in the foreseeable future, defendants claim that not a single penny was advanced by either Dave Fleischer or Max Fleischer or Fleischer Studios, Inc., for the production of the cartoon in question and that a total of $713,511.66 was advanced by Paramount, and that as of the present date advances made by Paramount in excess of $470,000 have yet to be recouped by it and that there has been received for the theatrical and television distribution of the cartoon as of March 31, 1959 a total sum of $4,600. The defendants maintain that the right of Fleischer Studios, Inc., to 50% of the proceeds after the deduction of the distribution fees and the recoupment by Paramount of its advances is expressly preserved in all the agreements of sale and that by reason of such state of facts, the doctrine of equitable servitude does not apply.
In making the above disposition, the court has not passed upon the merit of the defenses.
Accordingly, the motion to strike out the three separate and distinct defenses as sham is denied.