■ In the Matter of WESLEY D. MILLER REALTY CORP., et al., Petitioners, against DEPARTMENT OF STATE OF THE STATE OF NEW YORK et al., Respondents. — Determination unanimously confirmed and the petition dismissed, with $20 costs and disbursements to the respondents. No opinion. Concur — Breitel, J. P., Rabin, M. M. Frank, McNally and Bergan, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. GEORGE PHILLIPS, Indicted as THOMAS WHITE, Appellant.— Order unanimously affirmed. No opinion. Concur — Botein, P. J., Breitel, Rabin, Valente and Bergan, JJ.

■ THE PEOPLE OF THE CITY OF NEW YORK, Respondent, v. GEORGE BIRCH, Appellant.— Judgment unanimously modified in the exercise of discretion so as to reduce the sentence to four to eight years on the ground of excessiveness, and, as so modified, affirmed. Concur — Botein, P. J., Breitel, Rabin, Valente and Bergan, JJ.

■ DAVE FLEISCHER, Individually and as Receiver and Trustee in Dissolution of Fleischer Studios, Incorporated, Appellant, v. N. T. A. PICTURES, INC., et al., Respondents, et al., Defendant.— Order unanimously affirmed, with $20 costs and disbursements to the respondents. No opinion. Concur — M. M. Frank, J. P., Valente, McNally, Stevens and Bergan, JJ. [21 Misc 2d 110.]

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. CLETO BARATTA, Appellant.— Judgment unanimously affirmed. No opinion. Concur — M. M. Frank, J. P., Valente, McNally, Stevens and Bergan, JJ.

■ NATIONAL PSYCHOLOGICAL ASSOCIATION FOR PSYCHOANALYSIS, INC., et al., Appellants, v. UNIVERSITY OF THE STATE OF NEW YORK, Respondent.— Order and judgment unanimously affirmed, with costs to the respondent. No opinion. Concur — Botein, P. J., Breitel, Rabin, Valente and McNally, JJ. [18 Misc 2d 722.]

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. EDITH SILBERBERG, Appellant.— Judgment of conviction unanimously reversed, on the law, the fine remitted, defendant's license ordered restored, and, in the exercise of discretion, a new trial ordered. Defendant was convicted in the Court of Special Sessions of the City of New York of leaving the scene of an accident without reporting (Vehicle and Traffic Law, § 70, subd. 5-a) and was sentenced to pay a fine of $100 or, in the alternative, to serve five days in the New York City Prison; the fine was paid. In addition, her license to operate a motor vehicle was revoked. The People have failed to establish that defendant had any knowledge that damage had been caused by the claimed contact of the vehicles, a requisite essential to the People's case. (*People* v. *Hakala,* 270 App. Div. 612; *People* v. *Dropkin,* 261 App. Div. 223.) Indeed, the record proof is not entirely satisfactory that she was in a collision. There may have been a witness to the occurrence, the woman who took down the license number of the motor vehicle allegedly driven by defendant. That witness should be produced unless her absence can be explained to the satisfaction of the court. Since the case must be retried, it is appropriate to observe that the information charges defendant " while operating a motor vehicle, and knowing that damage had been caused to the property of one Edward H. Dean, Jr." The proof in the case is that the motor vehicle was owned by Mrs. Dean. Concur — Botein, P. J., Breitel, Rabin, Valente and McNally, JJ.