**UNITED STATES of America ex rel. George BIRCH, Petitioner,**

v.

**Edward M. FAY, Warden of Green Haven Prison, Stormville, New York, Respondent.**

United States District Court
S. D. New York.

Jan. 4, 1961.

George Birch, pro se.

Louis J. Lefkowitz, Atty. Gen., for respondent. Philip Weinberg, Asst. Atty. Gen., of counsel.

WEINFELD, District Judge.

This is an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241(a). The petitioner is confined in Green Haven Prison, Stormville, New York, pursuant to a judgment of conviction entered in November 1958, in the Bronx County Court, State of New York, on a charge of illegal possession of narcotics.[1] He was sentenced to five to ten years imprisonment.[2]

■ The judgment of conviction was affirmed by the Appellate Division.[3] Thereafter, on May 13, 1960, the petitioner's application for leave to appeal was denied by the Court of Appeals (Fuld, J.) and certiorari denied by the Supreme Court on October 10, 1960.[4] Thus, it appears that the petitioner has exhausted available state remedies as required by 28 U.S.C. § 2254.

■ The judgment of conviction is attacked by petitioner as having been obtained in violation of his constitutional right to a fair trial. The attack centers about three items:

(1) the alleged improper admission into evidence of thirty packages of heroin, over petitioner's objection that the chemist did not recall making the analysis of the contents of the packages and was permitted to refresh his memory from secondary sources without explanation for his failure to produce the original memorandum prepared at the time the analysis was made, some two years before the trial;

(2) that the Assistant District Attorney "knowingly, or perhaps unknowingly," committed "fraud," which, according to the petitioner, was the prosecutor's reference in his summation to petitioner's association with a known user of narcotics. This reference, it is contended, injected extraneous and prejudicial matter into the case which improperly influenced the jury;

(3) that the Trial Court, in the course of its charge to the jury, made a "false" statement which attributed to the petitioner an admission of possession of the narcotics which petitioner urges "the record does not disclose that [he] ever made * * *." This, too, is charged as prejudicial conduct which improperly influenced the jury.[5]

While the petitioner alleges that these errors impinged upon his rights under the fifth, ninth and fourteenth amendments of the Federal Constitution, the essence of his various charges is that they deprived him of a fundamentally fair trial guaranteed to him under the due process clause of the fourteenth amendment.[6]

The Court assumes, for the purpose of this application, the verity of petitioner's allegations, and further that the claimed errors were in fact errors under State law. Nonetheless, it concludes they do not give rise to any violation of his federally protected right to a fundamentally fair trial.

1. N.Y.Penal Law § 1751, subd. 3.

2. An earlier conviction had been reversed because of prejudicial remarks by the district attorney during the trial and summation that defendant was a narcotics user. People v. Birch, 1st Dep't 1958, 6 A.D.2d 28, 174 N.Y.S.2d 437.

3. People v. Birch, 1st Dep't 1960, 10 A.D. 2d 688, 199 N.Y.S.2d 424 (mem.). The Appellate Division, however, reduced the sentence to four to eight years imprisonment.

4. Birch v. State of New York, 1960, 364 U.S. 843, 81 S.Ct. 83, 5 L.Ed.2d 67.

5. All the matters complained of were presented on appeal in the State Court, practically in haec verba as contained in the petition herein. Appellant's Brief, Record on Appeal, App.Div., No. 2282 (1st Dep't 1960).

6. Adamson v. People of State of California, 1947, 332 U.S. 46, 53, 67 S.Ct. 1672, 91 L.Ed. 1903.

Each state is free to adopt its own procedures and rules of evidence in the enforcement of its criminal laws, and these may not be interfered with by the federal courts unless they offend fundamental principles of justice and fair play.[7] It follows that mere errors or mistakes of law committed in the conduct of state criminal trials may not be reviewed by the federal courts;[8] they are empowered to upset a state court judgment of conviction only when the wrong complained of necessarily denied the defendant a fair trial—in short, that the judgment of conviction is void for lack of due process because of the state's "failure to observe that fundamental fairness essential to the very concept of justice."[9] Absent such a showing, the writ of habeas corpus is not available to review errors in petitioner's trial in the admission of evidence,[10] alleged prejudicial statements in the Court's charge[11] or in the prosecutor's summation.[12] None of the errors, assuming arguendo they are in fact errors, is of substance and, either singly or in totality, were of such an egregious nature that petitioner was deprived of a fair trial.

One further matter remains to be considered, although not fully developed by the petitioner. In connection with the alleged prejudicial comment by the Court, he further alleges "the false statement made by the Court and also the reviewing of the testimony of said officer, that the Relator had made said statements, said testimony of officer is perjured, the Assistant District Attorney had encouraged the said officer to committed [sic] perjury knowingly or unknowingly." If this ambiguous allegation is intended to charge the prosecutor with the "knowing use" of perjured testimony,[13] it falls short of such a charge and is clearly insufficient; no evidential matter is set forth so as to require a hearing.[14]

The petition is dismissed.

---

7. Adamson v. People of State of California, 1947, 332 U.S. 46, 67 S.Ct. 1672, 91 L.Ed. 1903; Buchalter v. People of State of New York, 1943, 319 U.S. 427, 63 S.Ct. 1129, 87 L.Ed. 1492; Brown v. State of Mississippi, 1936, 297 U.S. 278, 285, 56 S.Ct. 461, 80 L.Ed. 682; Snyder v. Commonwealth of Massachusetts, 1934, 291 U.S. 97, 105, 54 S.Ct. 330, 78 L.Ed. 674.

8. See Brown v. Allen, 1953, 344 U.S. 443, 485, 73 S.Ct. 397, 97 L.Ed. 469; Buchalter v. People of State of New York, 1943, 319 U.S. 427, 63 S.Ct. 1129, 87 L.Ed. 1492; Avery v. State of Alabama, 1940, 308 U.S. 444, 60 S.Ct. 321, 84 L.Ed. 377; Johnson v. Zerbst, 1938, 304 U.S. 458, 465, 58 S.Ct. 1019, 82 L.Ed. 1461; Mooney v. Holohan, 1935, 294 U.S. 103, 55 S.Ct. 340, 79 L.Ed. 791 (per curiam); Moore v. Dempsey, 1923, 261 U.S. 86, 91, 43 S.Ct. 265, 67 L.Ed. 543; Frank v. Mangum, 1915, 237 U.S. 309, 334, 35 S.Ct. 582, 59 L.Ed. 969; Sanderlin v. Smyth, 4 Cir., 1943, 138 F.2d 729, 731.

9. Lisenba v. State of California, 1941, 314 U.S. 219, 236, 62 S.Ct. 280, 290, 86 L.Ed. 166. See also Buchalter v. People of State of New York, 1943, 319 U.S. 427, 63 S.Ct. 1129, 87 L.Ed. 1492.

10. United States ex rel. Saunders v. Myers, 3 Cir., 1960, 276 F.2d 790; Hodge v. Huff, 78 U.S.App.D.C. 329, 140 F.2d 686, certiorari denied 1944, 322 U.S. 733, 64 S.Ct. 946, 88 L.Ed. 1567; United States ex rel. Phillips v. Jackson, D.C.N.D.N.Y., 72 F.Supp. 18, affirmed mem., 2 Cir., 1947, 162 F.2d 414. See also Buchalter v. People of State of New York, 1943, 319 U.S. 427, 63 S.Ct. 1129, 87 L.Ed. 1492. Cf. Eagles v. United States ex rel. Samuels, 1946, 329 U.S. 304, 312, 67 S.Ct. 313, 91 L.Ed. 308; United States ex rel. Vajtauer v. Commissioner, 1927, 273 U.S. 103, 106, 47 S.Ct. 302, 71 L.Ed. 560.

11. Kenion v. Gill, 1946, 81 U.S.App.D.C. 96, 155 F.2d 176.

12. Chavez v. Dickson, 9 Cir., 1960, 280 F.2d 727, 735. Cf. Buchalter v. People of State of New York, 1943, 319 U.S. 427, 431, 63 S.Ct. 1129, 87 L.Ed. 1492.

13. See Napue v. People of State of Illinois, 1959, 360 U.S. 264, 79 S.Ct. 1173, 3 L.Ed.2d 1217; Mooney v. Holohan, 1935, 294 U.S. 103, 55 S.Ct. 340, 79 L.Ed. 791 (per curiam).

14. Cf. United States v. Pisciotta, 2 Cir., 1952, 199 F.2d 603, 606; United States v. Shillitani, D.C.S.D.N.Y.1954, 16 F.R.D. 336.