**Walter J. HAMMIL, Petitioner,**

v.

**Harry C. TINSLEY, Warden, Colorado State Penitentiary, Respondent.**

**Civ. A. No. 7330.**

United States District Court
D. Colorado.

Jan. 16, 1962.

Walter F. Scherer, Denver, Colo., for petitioner.

Duke W. Dunbar, Atty. Gen., and J. F. Brauer, Asst. Atty. Gen. of Colorado, for respondent.

ARRAJ, Chief Judge.

This matter comes before the Court on a petition for a writ of habeas corpus; the Court having previously granted petitioner leave to proceed in forma pauperis. The petition was filed November 21, 1961, and on that date the Court entered its Order to show cause why the petition should not be granted. Respondent's answer to the Order to show cause and petitioner's traverse were timely filed.

The files and records in this case reveal that the petitioner was convicted in the District Court of the City and County of Denver, State of Colorado, of the crime of first degree murder and was sentenced to be executed. This conviction was affirmed by the Colorado Supreme Court, Hammil v. People, Colo. 1961, 361 P.2d 117. Petition for a writ of certiorari was denied by the United States Supreme Court on November 6, 1961. The original judgment has been stayed by the Colorado Supreme Court.

Petitioner alleges that no state remedy is available to him. Respondent does not deny this allegation and does not raise the question of exhaustion of state remedies in his answer. The questions here raised were presented to the highest court of the State; therefore, it is not necessary to again present these

same issues to that court under an alternate procedure. Brown v. Allen, 1953, 344 U.S. 443, 447, 73 S.Ct. 397, 97 L.Ed. 469.

■■■ To the charge of murder the petitioner entered pleas of not guilty and not guilty by reason of insanity at the time of commission of the crime. Under the applicable state law, this necessitated the holding of two trials; the first to determine the question of petitioner's sanity, the second to determine the question of his guilt. During the first trial the State called as an expert witness a psychiatrist who had examined petitioner while in custody at Colorado Psychopathic Hospital to testify to his mental condition at the time the crime was committed. In the course of cross-examination the attorney for petitioner sought to elicit testimony from this witness concerning a report prepared by a psychologist relating to petitioner's mental capacity. Although the witness admitted having read this report, he denied having relied on it in reaching his conclusions regarding petitioner's sanity. The trial court sustained the State's objection to the admission of this testimony. Petitioner alleges that this action by the trial court amounted to a violation of his right to confront the witnesses against him as guaranteed by the Sixth Amendment to the Constitution of the United States.

At the conclusion of the second trial concerning petitioner's guilt or innocence of the crime charged, the court instructed the jury on, among other things, the matter of premeditation. It is argued that this instruction was worded so as to eliminate the distinction between first and second degree murder. Petitioner claims that the giving of this instruction amounted to a deprivation of due process under the Fourteenth Amendment to the Constitution of the United States.

The petition before this Court is based on two grounds:

1. That the limitation placed on cross-examination by the trial court amounted to a violation of petitioner's rights under the Sixth Amendment to the Federal Constitution, and

2. That the giving of the alleged erroneous instruction by the trial court amounted to a deprivation of due process under the Fourteenth Amendment to the Federal Constitution. The record of the State proceedings was filed with the Court; this record included a transcript of the trial testimony. Petitioner was granted a hearing where he was ably represented by counsel. He did not request to be present at that hearing, nor was his presence required since no factual issues were raised by the proceedings. There is no dispute over what happened at the trial, but merely over its legal consequences.

■■■ Prior to a discussion of the matters raised by petitioner, it should be noted that "habeas corpus is not available as a method of reviewing mere errors of State law and habeas corpus in a Federal court can be used only to determine if proceedings in a State court amount to a violation of the Federal Constitution of such a consequence as to vitiate the jurisdiction of the State court." Gay v. Graham, 10 Cir., 1959, 269 F.2d 482, 485. It is a fundamental rule that "the admissibility of evidence, the sufficiency of evidence, and instructions to the jury in state trials are matters of state law and procedure not involving federal constitutional issues. It is only in circumstances impugning fundamental fairness or infringing specific constitutional protections that a federal question is presented. The role of a federal habeas corpus petition is not to serve as an additional appeal." Grundler v. State of North Carolina, 4 Cir., 1960, 283 F.2d 798, 802.

As to the first ground urged by petitioner, it has been held that the Sixth Amendment to the Federal Constitution applies only to trials in Federal Courts. Betts v. Brady, 1942, 316 U.S. 455, 62 S.Ct. 1252, 86 L.Ed. 1595. At pages 461 and 462, 62 S.Ct. at page 1256, the Court says:

"The due process clause of the Fourteenth Amendment does not incorporate, as such, the specific guarantees found in the Sixth Amendment, although a denial by a state of rights or privileges specifically embodied in that and others of the first eight amendments may, in certain circumstances, or in connection with other elements, operate, in a given case, to deprive a litigant of due process of law in violation of the Fourteenth."

■ The testimony relating to the psychologist's report would seem to be inadmissible either under the hearsay rule or the best evidence rule or both, unless it could have been established that the witness used the report in reaching his conclusions regarding the petitioner's sanity. In so limiting the scope of the cross-examination, the trial judge was acting within the scope of his discretionary power. Each state is free to adopt its own procedures and rules of evidence in the enforcement of its criminal laws and these should not be interfered with by a Federal Court unless they offend fundamental principles of justice and fair play. United States ex rel. Birch v. Fay, D.C.S.D.N.Y.1961, 190 F.Supp. 105; United States ex rel. Thompson v. Price, 3 Cir., 1958, 258 F. 2d 918. We must, therefore, conclude that this action of the trial court, if improper at all, was at most mere error committed in the course of the trial and did not deny petitioner due process of law.

■ The petitioner alleges that the trial court's instruction [1] is erroneous and amounts to a deprivation of his rights of due process under the Fourteenth Amendment to the Federal Constitution. This matter was considered by the Colorado Supreme Court on appeal and that court held that the instruction correctly stated the applicable Colorado law.

■ To permit interference by this Court, the challenged instruction must be so prejudicial and unfair as to deny the accused a fair trial in the constitutional sense. Although the instruction may properly be criticized on the basis that it emphasizes the shortness of time between the formation of the intent to kill and the act of killing; nevertheless, a reading of the whole instruction reveals that it fairly defines deliberation and premeditation in connection with first degree murder.

The challenged sentence, "It matters not how short the interval, if it was sufficient for one thought to follow another.", could very well have been omitted from the instruction. However, the mat-

1. "To constitute murder of the first degree the killing must have been done willfully, deliberately and with premeditation; that is, intentionally, sanely, and with prior deliberation and without legal justification or excuse. 'Willfully,' as used in the information and these instructions, means intentionally, that is, not accidentally. 'Deliberation' means an intent to kill, executed by the slayer in a cool state of the blood, in furtherance of a formed design to gratify a feeling of revenge or to accomplish some other unlawful purpose, and not under the influence of a violent passion provoked by some cause calculated to override the judgment. 'Premeditated design to kill' means a previously designed or formed intention to kill. But while the law requires, in order to constitute murder of the first degree, that the killing should be willful, deliberate, and premeditated, it does not require that the willful intent, premeditation or deliberation should exist for any particular length of time before the killing. It is not necessary that the killing should have been considered, brooded over or reflected upon for a week, a day, or an hour. It is sufficient if there was a design and a determination to kill distinctly formed in the slayer's mind at any moment before the act which caused the death of the person killed, and that the slayer acted upon such design and determination. No particular time need intervene between the formation of the intent to kill and the act of killing. It matters not how short the interval, if it was sufficient for one thought to follow another. It is sufficient if deliberation was had to form a design or purpose to take life and to put that design or purpose into execution."

ter of the requirement of deliberation is sufficiently emphasized in the next sentence of the instruction to preclude the possibility of any misunderstanding of the law on the part of the jury as a result of the phraseology employed in the above quotation:

"It is sufficient if deliberation was had to form a design or purpose to take life and to put that design or purpose into execution."

In the State courts in Colorado the instructions are submitted to the jury in writing for study and perusal at their leisure during the course of their deliberations in the jury room. Thus, the jury had ample opportunity to consider the instruction as a whole, and, when considered in its entirety, this instruction fairly states the law so as not to deprive petitioner of due process under the Fourteenth Amendment. As stated above this instruction was approved by the Colorado Supreme Court on appeal by petitioner. It had previously received approval by that court in several other cases.

▪ The policy of the Federal Courts is not to interfere with the local rules of law which have been fashioned by the State courts, save in exceptional situations where flagrant error has been committed. Fisher v. United States, 1943, 328 U.S. 463, 476, 66 S.Ct. 1318, 90 L.Ed. 1382. The instruction objected to by petitioner does not involve such an exceptional situation.

This Court cannot conclude that the alleged erroneous instruction deprived petitioner of his constitutional right to a fair trial. For the reasons given, the Court is of the opinion that the petition for a writ of habeas corpus should be denied. It is therefore

ORDERED that the Order to show cause be and the same hereby is discharged and that the Petition be and it is hereby dismissed. It is further

ORDERED that a Certificate of Probable Cause will be issued if requested by petitioner within ten days from the date hereof.