**Julius F. KLEIN, Jr., Petitioner,**

v.

**Harold SMITH, as Superintendent of the Attica Correctional Facility, Attica, New York, Respondent.**

**No. 73 Civ. 4277.**

United States District Court.
S. D. New York.

Oct. 15, 1974.

Melvyn Schlesser, Bobick & Deutsch, New York City, for petitioner.

John M. Lockwood, for Henry Wenzel, III, Dist. Atty., Suffolk County, Riverhead, N. Y., for respondent.

MEMORANDUM AND ORDER

OWEN, District Judge.

This is a petition for a writ of habeas corpus by a state prisoner who was con-

victed of murder in the first degree, in New York Supreme Court, Westchester County. The petitioner, Julius F. Klein, Jr., was sentenced to life imprisonment for the slaying of one Irene Brandt. He unsuccessfully appealed that conviction both to the Appellate Division and the New York Court of Appeals upon the same constitutional grounds which are alleged herein. Judge Ward of this Court, who was originally assigned the case, held that the petitioner had exhausted all available remedies in the Courts of the State within the meaning of 28 U.S.C. § 2254(b) and was therefore, properly before this Court. Judge Ward further ordered, pursuant to his memorandum of December 12, 1973, that a hearing be held on Klein's central constitutional claim of a violation of his Sixth Amendment right to the effective assistance of counsel. That claim arises from the following facts.

On February 20, 1969, one William Reuther ("Reuther") was indicted by a Suffolk County Grand Jury for first degree murder, having allegedly killed Irene Brandt in September, 1966. In February 1969, Reuther apparently initiated negotiations with Maurice Nadjari then the Assistant District Attorney in charge of the case. As a result of a conversation with Mr. Nadjari in March, Reuther agreed to testify concerning the events, in return for the prosecutor's agreement to accept a plea of guilty to first degree manslaughter and to recommend a sentence of from two to four years. In March, Reuther testified before the Grand Jury, and on March 22, petitioner was indicted for the same crime.

After petitioner's indictment, both he and Reuther were represented by the same counsel, Bobick & Deutsch, Esqs. Counsel appear to have anticipated that both defendants would be tried together. Although they were incarcerated in separate institutions, counsel visited each of them a number of times. On September 24, 1969, Reuther requested that the Court appoint new counsel to represent him and pleaded guilty to first degree manslaughter. It appears that this was the first either counsel for the defendants or petitioner knew of Reuther's agreement with the prosecutor. Petitioner's trial was held in October, 1969. At trial, Reuther described his actions as accomplice and petitioner's as planner and wielder of the murder weapon. Petitioner claims prejudice in the presentation of his defense at trial and asserts that there was a prosecutorial intrusion into his attorney-client relationship violating both his Sixth Amendment right to counsel and his Fourteenth Amendment right to due process.

Pursuant to Judge Ward's order I held a four day evidentiary hearing to determine whether Reuther had in fact disclosed any confidential defense plans or strategy to the chief prosecutor.

Petitioner asserts that a *per se* rule should apply, and that any intrusion into the confidentiality of his attorney-client relationship requires a reversal of the judgment of conviction even without a showing of actual prejudice. That assertion has been rejected by the Second Circuit which has repeatedly required a showing of actual prejudice to the privileged attorney-client relationship. See United States v. Arroyo, 494 F.2d 1316 (2d Cir. 1974); United States v. Mosca, 475 F.2d 1052, 1060–1061 (2d Cir.) cert. denied, 412 U.S. 948, 93 S.Ct. 3003, 37 L.Ed.2d 1001 (1973); United States v. Lovano, 420 F.2d 769 (2d Cir. 1970).

Having presided over the hearing and having once again reviewed the minutes thereof, I conclude that there is absolutely no showing of actual prejudice to the relationship between the petitioner and his attorneys.

Both William Reuther and Maurice Nadjari testified at the hearing and both asserted without contradiction, that they never discussed with each other petitioner Klein's defense plans or strategy. I credit their testimony. Reuther specifically testified that neither of his lawyers, Bobick or Deutsch, told him anything about any defense plans whatsoever. Reuther stated that most of his discussions with Bobick and Deutsch,

when they visited him in jail, centered on an upcoming and unrelated kidnap case; that concerning his and petitioner's case he was not to worry, counsel "would take care of everything." Upon further questioning Reuther stated that counsel had told him relative to the petitioner's case, "everything is okay, they have no evidence, they will nail Cooke and Watson on the case, they will take the whole bit." Significantly, Reuther testified that it was his fear of retaliation by Klein that caused him to wait as long as possible before discharging Bobick & Deutsch since the minute he did so, Klein would know of his cooperation with the prosecution.

Mr. Nadjari similarly testified that Reuther had never divulged, nor did he, Nadjari, attempt to elicit, Klein's defense plans or strategy during any of their discussions. His testimony, which I credit, was that he was interested in Reuther only as an eye-witness to the murder of Irene Brandt.

Attorneys Bobick and Deutsch, then and now petitioner's attorneys, both stated in general terms that they had discussed the defense with Reuther. I prefer and credit Reuther's specific testimony in this area, and note that in any event, petitioner still would not have sustained his burden of proof since there was no evidence that Reuther in turn disclosed any defense strategy to Mr. Nadjari. Consequently, there was no showing of an actual violation of petitioner's Sixth Amendment right to counsel. I therefore dismiss the petition as to this claim.

Turning to petitioner's other claims, I find them also to be without merit. He claims error in the prosecutor's failure to disclose to counsel an "alleged" deal with Reuther involving dropping a separate charge of possession of stolen property in return for Reuther's testimony against Klein. However, petitioner failed to adduce any evidence of the existence of such an undisclosed "deal" on the hearing.

██ Petitioner next alleges that the prosecution did not disclose certain statements of witness Stoddard after defense counsel asked for all of such statements. Consequently, petitioner claims he was denied due process of law under Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). Petitioner's reliance on *Brady* is misplaced. The holding in *Brady* was limited to evidence that was material to the issue of petitioner's guilt or punishment or both. The undisclosed statements in question here, in the form of quotations from the affidavit of a detective who had interviewed Stoddard, go essentially to the question of Stoddard's credibility and not to the question of petitioner's guilt.

Petitioner next complains of alleged prejudicial remarks in the prosecutor's summation, and in the so called "inquisition of jurors." However, they do not possess the constitutional dimension necessary for review by this Court in a habeas corpus. As was stated in United States ex rel. Birch v. Fay, 190 F.Supp. 105 at p. 107 (S.D.N.Y.1961):

> Each state is free to adopt its own procedures and rules of evidence in the enforcement of its criminal laws, and these may not be interfered with by the federal courts unless they offend fundamental principles of justice and fair play. It follows that mere errors or mistakes of law committed in the conduct of state criminal trials may not be reviewed by the federal courts; they are empowered to upset a state court judgment of conviction only when the wrong complained of necessarily denied the defendant a fair trial—in short, that the judgment of conviction is void for lack of due process because of the state's "failure to observe that fundamental fairness essential to the very concept of justice". Absent such a showing, the writ of habeas corpus is not available to review errors in petitioner's trial in the admission of evidence, alleged prejudicial statements in the Court's charge or in the prosecutor's summation [citations omitted].

For all the foregoing reasons, the petition is dismissed in its entirety.

It is so ordered.