E. Leo Milonas, J.
These two cases were consolidated into one opinion for the identical issue involved, namely, the constitutionality of section 165.25 of the Penal Law ("jostling”).
The facts of the two cases are as follows:
In People v Burgos, the defendant was observed placing his hand into the pocket of another man and removing a wallet therefrom. In People v Aviles, the defendant was on a crowded subway, where he was observed placing his hand next to the pocket of one man and touching the purse of a woman. The defendant’s hand never went into the pocket or purse, and nothing was taken from either of these people.
Both defendants were arrested and charged with jostling. They both move to dismiss on the grounds that the jostling statute is unconstitutional. Section 165.25 of the Penal Law states the following:
"A person is guilty of jostling when, in a public place, he intentionally and unnecessarily:
"1. Places his hand in the proximity of a person’s pocket or handbag; or
"2. Jostles or crowds another person at a time when a third person’s hand is in the proximity of such person’s pocket or handbag.”
*355 There is a strong presumption that a statute duly enacted by the Legislature is constitutional (People v Pagnotta, 25 NY2d 333, 337). A criminal statute must give an ordinary intelligent person fair notice of what conduct is forbidden (Papachristou v City of Jacksonville, 405 US 156, 162). The statute must be informative on its face and so explicit that "all men subject to their penalties may know what acts it is their duty to avoid” (People v Berck, 32 NY2d 567, 569; People v Diaz, 4 NY2d 469, 470; People v Firth, 3 NY2d 472). One who contests the constitutionality of a statute must demonstrate its invalidity beyond a reasonable doubt (Matter of Van Berkel v Power, 16 NY2d 37, 40).
Defendants argue that the statute is unconstitutionally vague and overbroad in that it fails to give proper notice as to what conduct is prohibited, that since the statute encompasses innocent as well as guilty behavior, it fails to fix an ascertainable standard of guilt, and that the statute has no requirement of a culpable mental state. It only requires that one intentionally and unnecessarily place his hands in the proximity of a person’s handbag. "Proximity” is defined in Webster’s Third New International Dictionary as "very near, immediately adjoining”, etc. It is unclear what the statute contemplates by using the word "proximity.” Since placing one’s hands in the proximity of another person’s handbag in our crowded subways could be equally consistent with guilt or innocence, the statute apparently relies heavily upon a police officer's discretion in ascertaining whether a person’s conduct is criminal. This is especially so since it was the intent of the statute to not require the testimony of the alleged victim in order to convict.
In Kirkwood v Loeb (323 F Supp 611) the Federal District Court was confronted with a similarly worded statute. In declaring the jostling statute unconstitutional for vagueness and overbreadth, the court held (p 616): "These terms and such provisions of the Memphis disorderly conduct ordinance, declaring criminal such conduct as * * * '[i]nterfer[ing] with any person in any place by jostling against such person or unnecessarily crowding him or by placing a hand in the proximity of such person’s pocket, pocketbook or handbag’ do not provide the fair warning to the public and the certainty of interpretation to Courts and juries that is required by the Due Process clause of the Fourteenth Amendment. These provi *356 sions are too sweeping, indefinite and uncertain to stand the challenge of constitutional defect.”
Although the defendant’s arguments here and the court’s rationale in the Kirkwood case are persuasive, the court must find the jostling statute constitutional on the authority of People v Clark (27 NY2d 512). Although the Court of Appeals (and the Appellate Term) affirmed the convictions of the defendants in the Clark case without opinion, this court has read the briefs submitted to the Court of Appeals in that case and finds that the identical constitutional issues were raised there.
Although an affirmance by the Court of Appeals without opinion does not mean that it adopts the appellate court’s opinion in its entirety (Cohen and Karger, Powers of the New York Court of Appeals, p 31, n 52; Matter of Clark, 275 NY 1, 4; Massey v Globe and Rutgers Fire Ins. Co., 274 NY 489; Adrico Realty Corp. v City of New York, 250 NY 29, 44), where the Appellate Term affirmed without opinion and the briefs of all parties show that the main issue before the Court of Appeals was the constitutionality of section 165.25 of the Penal Law, this court is bound by the decision upholding its constitutionality.
Since a nearly identical statute was declared unconstitutional by a Federal District Court (Kirkwood v Loeb, supra) and other States which have adopted verbatim the theft offenses of the New York Penal Law have intentionally excluded the jostling statute from their laws, it is unfortunate that we are without appellate authority setting forth the rationale in upholding the constitutionality of the jostling statute in New York State.