UNITED STATES of America ex rel.
Robert J. COLLINS, Petitioner,

v.

J. W. PATTERSON, Superintendent, Eastern New York Correctional Facility, Respondent.

No. 75 Civ. 4068.

United States District Court, S. D. New York.

Dec. 29, 1975.

---

Robert J. Collins, pro se.

Louis J. Lefkowitz, Atty. Gen. of N. Y., New York City, for respondent; Walton Sutherland, Deputy Asst. Atty. Gen., of counsel.

## OPINION

EDWARD WEINFELD, District Judge.

Petitioner, now confined to the Eastern New York Correctional Facility, pursuant to a judgment of conviction for the crimes of attempted murder, robbery, first degree, and possession of a weapon as a felony, entered upon a jury verdict, seeks his release upon a federal writ of habeas corpus. He is serving concurrent indeterminate sentences with a maximum of twenty years. He attacks the judgment of conviction as void for violation of his constitutional right to a fair trial, denial of his right of confrontation of witnesses against him, and the admission of hearsay evidence upon his trial. Petitioner's conviction was affirmed by the Appellate Division, Second Department, without opinion; his application for leave to appeal to the Court of Appeals was denied. It appears that available state remedies have been exhausted.

[1] Petitioner's first claim for relief is that only hearsay evidence was presented against him at his trial and that such evidence amounts to "no evidence." His contention, however, disregards the trial record. Petitioner admits that two police officers testified at his trial that he was "one of the robbers whom they encountered" during the hold-up and further that he "was placed at the scene of the alleged crimes because his car was seen [there] and used for a get away car." [1] Thus there was direct evidence of his participation in the crime, but petitioner's challenge is to its sufficiency. Such a claim involves a question of state law which does not present a constitutional issue as a basis for federal habeas corpus relief.[2]

This is not a case which comes within the exception to the foregoing rule, where the conviction is so "devoid of evidentiary support" as to offend due process standards of a fair trial.[3] Petitioner's attack upon the police officers' testimony because, as he contends, they had only a brief opportunity to view the perpetrator of the crime under tense conditions, involves a matter of credibility which was for the jury's resolution. And the jury was properly instructed on the burden of proof and that guilt had to be established beyond a reasonable doubt. The first claim is insufficient to ground a claim for federal habeas corpus relief.

■ Petitioner's second claim for relief is equally without merit. Here petitioner seeks to bootstrap his case onto *Bruton v. United States*,[4] but the facts do not support the claim. Petitioner charges that the trial court erred in permitting a police officer to testify that two of petitioner's alleged confederates (whose trial had been severed from his)

---

1. Petition p. 2.

2. *Schaefer v. Leone*, 443 F.2d 182, 185 (2d Cir. 1971); *United States ex rel. Griffin v. Martin*, 409 F.2d 1300, 1302 (2d Cir. 1969); *United States ex rel. Santiago v. Follette*, 298 F.Supp. 973, 974 (S.D.N.Y.1969); *Unit-* ed *States ex rel. Birch v. Fay*, 190 F.Supp. 105, 107 (S.D.N.Y.1961).

3. *Gregory v. Chicago*, 394 U.S. 111, 112, 89 S.Ct. 946, 22 L.Ed.2d 134 (1969).

4. 391 U.S. 123, 135–36, 88 S.Ct. 1620, 20 L. Ed.2d 476 (1969).

had told the police officer who the perpetrators were. He contends that this was inadmissible hearsay and thus he was deprived of the right to cross examine his confederates in violation of the Sixth Amendment. The fact is that the police officer did not refer, directly or indirectly, to petitioner or describe him in any way; the police officer merely testified that two persons involved in the crime had told him the names of those who had participated. Based thereon, petitioner argues that:

> "Although detective Riggio did not go so far as to testify that Jacobs and Easley had specifically named the petitioner as one of their accomplices, the implication was unmistakable. For the jury could hardly be expected to believe that the state would go to the time and expenses of trying petitioner, if his co-defendants had not named him. Thus, the jury was allowed, in effect, to consider the unsworn testimony of Jacobs, and Easley, that petitioner was their accomplice."[5]

The argument is ingenuous, but it is without substance, in the light of all the evidence in the case. As previously noted, there was direct testimony by eyewitnesses as to petitioner's participation in the crime. Even assuming that the admission of the policeman's testimony was error, the writ of habeas corpus "is not available to review errors in a state trial in the admission of evidence . . . absent a showing that they deprived defendant of a fundamentally fair trial."[6]

The admission of the police officer's testimony which did not name defendant, even if error, did not deprive defendant of a fundamentally fair trial so as to require the issuance of a federal writ of habeas corpus and the vacatur of the judgment of conviction.

Petitioner's application for the issuance of a writ is denied.

5. Petition p. 5.

6. *United States ex rel. Santiago v. Follette*, 298 F.Supp. 973, 974 (S.D.N.Y.1969); *United States ex rel. Birch v. Fay*, 190 F.Supp.

105, 107 (S.D.N.Y.1961). *See also Lisena v. California*, 314 U.S. 219, 228–29, 62 S.Ct. 280, 86 L.Ed. 166 (1941).