OPINION OF THE COURT
Carol H. Arber, J.
The defendants, Willie Nelson and David Jordan, are charged with the crime of jostling in violation of Penal Law § 165.25. On February 7,1985, a superseding information was filed with the court which alleges that Police Officer Michael Morgillo saw the defendants commit the offense of jostling on November 14,1984, at the subway at 53rd Street and Lexington Avenue. The information charges the defendants as follows: “Deponent states that defendants acting in concert, in a public place, intentionally and unnecessarily placed their hand in the proximity of a person’s handbag, in that, at the above location, deponent saw both defendants crowd behind the group of people entering a subway train, saw defendants engage in conversation with each other, saw defendant Nelson place his hand on the handbag of a woman, and saw defendants leave the platform area of the above location in the company of each other.”
The defendants were to be tried by a jury on January 25,1985. At that time, defendant Nelson moved to dismiss the charge *821 pursuant to CPL 100.40 (1) and 170.35 (1) claiming that the information is defective in that it lacks any allegation of defendant’s intent to steal which is an essential element of the crime. Defendant Nelson also moved to dismiss the charge pursuant to CPL 170.30 (1) and 170.35 (1) (c) claiming that if intent to steal is not an essential element of Penal Law § 165.25 the statute is void for vagueness because it violates the minimum standards for notice and definiteness imposed by the due process clauses of the Constitutions of this State and of the United States. Additionally, defendant Nelson claims that if intent to steal is not an essential element of Penal Law § 165.25, its enforcement is barred because it is an improper exercise of the State’s legislative police power. Finally, defendant Nelson asserts that a narrative instruction to the jury does not affect the threshold issue of the constitutionality of a statute which is unconstitutional on its face. Defendant Jordan orally joined in the motion. The Attorney-General has been notified pursuant to CPLR 1012 but failed to appear. The trial of this matter was adjourned pending a decision on this motion.
The People oppose defendants’ motion. The People assert that intent to steal is not an element of the crime of jostling, that the information is sufficient, and that the statute is neither void for vagueness nor violative of defendants’ due process rights. The People argue that the statute provides clear notice of the precise conduct proscribed, and that it has been upheld as constitutional by the Court of Appeals.
The court is aware and respectful of the rule that “[t]here is a strong presumption that a statute duly enacted by the Legislature is constitutional” (People v Pagnotta, 25 NY2d 333, 337 [1969]) and “that in order to declare a law unconstitutional, the invalidity of the law must be demonstrated beyond a reasonable doubt” (p 337; Matter of Van Berkel v Power, 16 NY2d 37, 40 [1965]; see also, McKinney’s Cons Laws of NY, Book 1, Statutes § 150 [b]). In addition, the court is mindful of the fact that “courts of first instance should not exercise transcendent power of declaring an act of the Legislature unconstitutional except in rare cases where life and liberty is involved and the invalidity of the act is apparent on its face”. (National Psychological Assn. for Psychoanalysis v University of State of N. Y., 18 Misc 2d 722, 726, affd 10 AD2d 688, affd 8 NY2d 197, lv dismissed 365 US 298.) Although “[t]his rule is particularly to be applied * * * where the Court of Appeals has implicitly, if not explicitly, upheld the validity of a statute [it is also true that] where the consequences may be severe and the damage irreparable,[1] the *822 lower court should not hesitate to determine the constitutionality of a statute.” (McKinney’s Cons Laws of NY, Book 1, Statutes § 150 [a].)
It is with these general principles and rules of construction in mind that we turn to the issue before this court, to wit: the constitutionality of Penal Law § 165.25.
Penal Law § 165.25 provides that:
“A person is guilty of jostling when, in a public place, he intentionally and unnecessarily:
“1. Places his hand in the proximity of a person’s pocket or handbag; or
“2. Jostles or crowds another person at a time when a third person’s hand is in the proximity of such person’s pocket or handbag.”
“As generally stated, the void-for-vagueness doctrine requires that a penal statute define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement.” (Kolender v Lawson, 461 US 352, 357 [1983]; see also, People v Berck, 32 NY2d 567 [1973].)
The first question for this court is whether the jostling statute provides “ ‘ “a person of ordinary intelligence [with] fair notice that his contemplated conduct is forbidden” ’ ”. (People v Berck, supra, at p 569, quoting United States v Harriss, 347 US 612, 617 [1954].)
The jostling statute requires no culpable mental state (assuming intent to steal is not read into it). It only requires that one intentionally and unnecessarily place his hand in the proximity of a person’s handbag or pocket. “‘Proximity’ is defined in Webster’s Third New International Dictionary as ‘very near, immediately adjoining’, etc. It is unclear what the statute contemplates by using the word ‘proximity.’ ” (People v Burgos, 82 Misc 2d 353, 355 [1975].) The court must give a word in a penal statute its usual, ordinary and commonly accepted meaning. (McKinney’s Cons Laws of NY, Book 1, Statutes § 271 [c].) It is *823 clear then to this court that a person of ordinary intelligence would receive no guidance from this statute as to when the placement of his hand near another’s handbag constitutes a crime and when it does not. “[PJlacing one’s hands in the proximity of another person’s handbag in our crowded subways could be equally consistent with guilt or innocence”. (People v Burgos, 82 Misc 2d, at p 355.)
The second prong of the void-for-vagueness doctrine is that a statute may not encourage arbitrary and discriminatory enforcement of a law. The jostling statute cannot pass muster with respect to this requirement either. The statute’s use of the word “unnecessary” delegates to the police officer on the street the absolute subjective power to decide which hand movement should result in arrests. The full discretion given to the police to determine what constitutes an “unnecessary” hand placement “ ‘furnishes a convenient tool for “harsh and discriminatory enforcement by local prosecuting officials, against particular groups deemed to merit their displeasure” ’ ”. (Kolender v Lawson, 461 US 352, 360.) “[T]he right to use the public thoroughfares cannot be at the whim or caprice of a policeman.” (Kirkwood v Loeb, 323 F Supp 611, 615 [WD Tenn 1971].)[2] A statute which “places virtually unfettered discretion in the hands of the police” violates due process of law because it encourages arbitrary and discriminatory enforcement. (People v Berck, 32 NY2d, at p 571; see also, Papachristou v City of Jacksonville, 405 US 156, 168-171 [1972].)
The prohibition against arbitrary and discriminatory enforcement of a law applies not only to the police, but also to the courts.
In Kirkwood v Loeb (supra), a city ordinance with a section quite similar to New York’s jostling statute[3] was declared unconstitutional. The court held that the terms of the ordinance did “not provide the fair warning to the public and the certainty *824 of interpretation to Courts and juries that is required by the Due Process clause of the Fourteenth Amendment. These provisions are too sweeping, indefinite and uncertain to stand the challenge of constitutional defect” (323 F Supp, at p 616; emphasis added).
An important aspect of the void-for-vagueness doctrine is the “ ‘requirement that a legislature establish minimal guidelines to govern law enforcement.’ ” (Kolender v Lawson, 461 US, at p 358.) The guidelines are necessary to ensure that the nature of a defendant’s trial is not contingent upon the court which hears the case. The Supreme Court has found that: “laws must provide explicit standards for those who apply them. A vague laW impermissibly delegates basic policy matters to policemen, judges, and juries for resolution on an ad hoc and subjective basis, with the attendant dangers of arbitrary and discriminatory application.” (Grayned v City of Rockford, 408 US 104,108-109 [1972].)
A brief history of the treatment of jostling cases in New York[4] will serve to illustrate the extent to which enforcement of the statute has become arbitrary.
The New York Court of Appeals in People v Clark (27 NY2d 512 [1970]) affirmed without opinion a conviction for jostling in violation of Penal Law § 165.25. The Court of Appeals decision affirmed an order of the Appellate Term, which had likewise been entered without opinion. Although the court offered no rationale for its decision it is clear from the syllabus that the constitutionality of the statute had been raised to the Court of Appeals.[5]
In Clark (supra), the defendants argued that the statute violated due process in that it was unconstitutionally vague. The People argued in response that the statute was not void for vagueness, in part because the element of intent to steal could be read into the statute thereby clarifying any imprecision.
Clark (supra) has engendered much speculation by a number of lower courts in this State. The question of the constitutionality of the jostling statute arose in the Criminal Court in People v Burgos (82 Misc 2d 353, supra).[6] Judge Milonas found the *825 defendants’ arguments with respect to vagueness and over-breadth of the statute persuasive. Yet the court felt bound by the Clark case, noting that it was merely an affirmance without an opinion. In Burgos the court stated that: “Since a nearly identical statute was declared unconstitutional by a Federal District Court (Kirkwood v Loeb) * * * and other States which have adopted verbatim the theft offenses of the New York Penal Law have intentionally excluded the jostling statute from their laws, it is unfortunate that we are without appellate authority setting forth the rationale in upholding the constitutionality of the jostling statute in New York State” (at p 356; emphasis added).
In People v Walker (unpublished opn, docket No. IN035025, Bradley, J., affd NYLJ, Dec. 22, 1983, p 12, col 6)[7] a Criminal Court Judge found that the statute was constitutional based on the Clark summary affirmance. The lower court in Walker held that intent to steal was not an element of the crime as defined by the Legislature. It stated that: “The legislature, whatever its ultimate design, promulgated a jostling statute which requires — explicitly or implicitly — no larcenous intent. Without statutory amendment, this court’s action in inferring such an element would be unsupported by law.”
The opposite conclusion was reached in People v Fontus (unpublished opn, docket 1N019401 1981, Erdmann, J.). The court found that, “It is clear that if in fact PL Sec. 165.25 does not require proof of an intent to commit the crime of larceny as one of its constituent factors then it is fatally defective both for vagueness and because it relieves the prosecution of the necessity of proving criminal intent.” Based on the finding that the statute requires proof of an intent to commit the larceny, the court upheld the statute stating that it was not void for vagueness.
This court had had the opportunity to try a number of jostling cases.[8] In each instance, the court has, at the defendant’s request and over the objection of the People charged the jury that *826 intent to steal is an element of the crime.[9] However, the court is aware that there is a divergence of opinion among judges on this issue, resulting in an arbitrary “luck of the draw”, some judges agree to charge intent to steal as an element and others do not.
Omissions from a statute generally should not be supplied by construction. (Eastern Paralyzed Veterans Assn. v Metropolitan Transp. Auth., 79 AD2d 516 [1st Dept 1980].) The rule of construction of a statute is that omissions must be remedied by the Legislature and not by the courts. (McKinney’s Cons Laws of NY, Book 1, Statutes § 363.) A court, however, is also duty bound to uphold the constitutionality of a statute whenever possible. In an effort to comply with conflicting rules of construction and thereby save the jostling statute from constitutional challenges, some courts have read the additional element of intent to steal into the statute. This court finds that this is an improper exercise of judicial power. The law requires that “where the Legislature fails to insert such provisions in the law as will accomplish the result intended, their omission cannot be remedied by construction, and the law must be considered to that extent defective and inoperative.” (McKinney’s Cons Laws of NY, Book 1, Statutes § 363.)
It is not enough for this court to hold that intent to steal must be read into the jostling statute. This attempt to rectify the defects in the statute has been tried by this and other courts in the past, without solving the underlying problem; the controversy has therefore continued. The ad hoc resolution of the issue by each judge on a case-by-case basis has led to the very arbitrary enforcement of the law which is prohibited by the due process clause.
This court is mindful of public concern with reducing crime in the city, and'the need to ensure citizens the safe use of our streets. It is the role of our Legislature to draft the necessary and proper statutory tools to assist in combating crime that has reached epidemic proportions. “As weighty as this concern is, however, it cannot justify legislation that would otherwise fail to meet constitutional standards for definiteness and clarity” (Kolender v Lawson, 461 US, at p 361).
In view of the court’s holding that Penal Law § 165.25 is void for vagueness in that it violates the due process standards of *827 notice and definiteness, it is unnecessary to address defendants’ argument that the statute is an improper exercise of the State’s police power.
The defendants’ motion to dismiss the information pursuant to CPL 170.30 (1) (a) and 170.35 (1) (c) is granted.

. Both defendants are subject to parole violations if convicted of the *822 charge herein. Defendant Nelson made bail on November 21, 1984 and is presently at liberty. However, defendant Jordan has a parole hold and has therefore been held in prison since their arrest on November 14, 1984.
In addition, this court notes that while misdemeanor convictions have had serious consequences in the past, CPL 400.14 now provides for adjudication of a predicate misdemeanant which carries even more severe consequences. If loss of liberty does not constitute “severe consequences and irreparable damage” within the meaning of section 150 (a), then this court is hard pressed to imagine what would satisfy this criterion.

. (See also, Pickpocketing: A Survey of the Crime and Its Control, 104 U Penn L Rev 408 [1955].) In discussing New York’s jostling statute the article notes that such statutes, “may largely be weapons in the hands of the police to use as they see fit. At least in places where throngs of people congregate, the selection of the criminal in the crowd on the basis of the fact that he was pushing or crowding another is virtually impossible. Thus we leave it to the police to identify each suspect on factors not stated as elements of the offense” (at 418).

. The only other reported decision found by this court (or by counsel) involving a jostling statute is Matter of A.B. (395 A2d 59 [DC App 1978]). The statute in that case was upheld by the District of Columbia Court of Appeals, but only after the court found that the additional element of intent to steal should be read into it.

. For a detailed and interesting history of the crime of jostling, see People v Roberts (NYLJ, Dec. 1, 1980, p 13, col 6).

. There apparently was a second issue presented to the Court of Appeals, to wit: a comment by one of the Judges of the three Judge bench which tried the case as to the failure of the defendants to take the stand. As noted in People v Roberts (NYLJ, Dec. 1, 1980, p 13, col 6), this further clouds the significance of the decision.

. The issue had also been raised in People v Newton (73 Misc 2d 854, 857 *825 [1973]), where the Criminal Court found that the jostling statute was not unconstitutionally void for vagueness stating that “[c]itizens who desire to obey this statute will have no difficulty in understanding it.”

. The Appellate Term affirmed the jostling conviction without an opinion citing People v Clark (supra).

. It is noteworthy that often during jury selection, in response to questions raised by the Assistant District Attorneys, prospective jurors admit with an alarming degree of consistency that they have difficulty in understanding the charge and in accepting the fact that there need not be testimony from a victim or physical evidence. As to whether such evidence is necessary see People v Rivera (105 Misc 2d 285 [1980]) and People v Burgos (82 Misc 2d 353, supra).

. The People’s position is that Clark does not require that intent to steal be read into the statute. It is interesting to note that the People claim that even if they argued in Clark that intent to steal was an element, this is now irrelevant. The People’s reading of the affirmance without opinion is that the Court of Appeals did not find that intent to commit a larceny is an element of the crime of jostling.